Filed 11/17/15  P. v. Rodriguez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B261067 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA103584) |
| v. | |
| GUILLERMO RODRIGUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles, Wade D. Olson, Commissioner.  Affirmed.

Myra Sun, under appointment by the Court of Appeal, for Defendant and Rodriguez.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Rama R. Maline and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

We affirm the trial court's order denying Guillermo Rodriguez's motion for recall and resentencing under Proposition 47. Rodriguez is not eligible to have his conviction of felony second degree burglary (Pen. Code, § 459[1]) reduced to a misdemeanor, because second degree burglary is not one of the offenses set forth in the governing statute, section 1170.18. Further, we reject Rodriguez's assertions that the voters who enacted the Safe Neighborhoods and Schools Act intended to include second degree burglary as a felony to be reduced to a misdemeanor and that his equal protection rights were violated. Accordingly, we affirm the order.

## BACKGROUND

The November 27, 2013 information alleged that, on October 29, 2013, Guillermo Rodriguez committed second degree burglary of an automobile in violation of section 459, a felony. The information further alleged that Rodriguez had been convicted of two strike offenses, carjacking (§ 215) and robbery (§ 211), and that Rodriguez had served three separate prison terms for carjacking, robbery, and possession and sale of a controlled substance. (Health & Saf. Code, §§ 11378, 11377, subd. (a).)

At the preliminary hearing, witnesses testified that Rodriguez had taken a car stereo from the victim's 1999 Honda Civil automobile. After Rodriguez's motion to suppress evidence was denied, Rodriguez entered a plea of guilty to felony second degree burglary (§ 459). The trial court imposed a sentence of two years eight months, with custody credits, fees and fines.

We affirmed the judgment on direct appeal and denied Rodriguez's petition for writ of habeas corpus. (*People v. Rodriguez* (Nov. 25, 2014, B254064) [nonpub. opn.].)

On November 24, 2014, Rodriguez filed a petition for recall and resentencing, which the court denied on December 11, 2014. Rodriguez filed a timely appeal.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## DISCUSSION

Rodriguez contends that the voters' intent in enacting the Safe Neighborhoods and Schools Act was to make second degree automobile burglaries reducible to misdemeanors and subject to resentencing. He also claims that excluding automobile burglaries from the resentencing scheme violates his right to equal protection. We disagree.

Rodriguez contends that section 1170.18 should be extended beyond its express language to include second degree automobile burglaries.[2]

California voters approved Proposition 47, the Safe Neighborhoods and Schools Act, at the November 4, 2014 general election, and it became effective the next day. "An initiative statute or referendum approved by a majority of votes thereon takes effect the day after the election unless the measure provides otherwise." (Cal. Const., art. II, § 10, subd. (a).) Proposition 47 makes certain drug and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. The proposition: (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4–14, pp. 70–74; *People v. Shabazz* (2015) 237 Cal.App.4th 303, 308; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

A reduction of a felony to a misdemeanor is available only for the offenses enumerated in subdivision (a) of section 1170.18;[3] offenses are sections 459.5 (shoplifting), 473 (forgery), 476a (check kiting), 490.2 (petty theft), 496 (receiving stolen property), and 666 (petty theft with a prior), "as those sections have been amended or

---

[2] The People contend that Rodriguez forfeited certain claims in that he did not present the same theories in the superior court. As we find Rodriguez's claims to be without merit, we do not address the issue of forfeiture.

[3] Subdivision (a) of section 1170.18 also includes sections 11350, 11357, and 11377 of the Health and Safety Code.

added by this act." (§ 1170.18, subd. (a).) Rodriguez was not convicted of any of these enumerated offenses and, thus, is not eligible under the statute.

We may not insert additional offenses that voters could have, but did not, include in the statute. "When we interpret an initiative, we apply the same principles governing statutory construction. We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language." (*People v. Superior Court* (*Pearson* ) (2010) 48 Cal.4th 564, 571; see *People v. Rizo* (2000) 22 Cal.4th 681, 685–686; *People v. Diaz* (2015) 238 Cal.App.4th 1323, 1331.)

Rodriguez also contends that, although not expressly included in section 1170.18, second degree automobile burglary of private property worth less than $950 must be considered a misdemeanor to fulfill the voters' intention to require misdemeanors for nonserious and nonviolent crimes.

Rodriguez asserts that, like sections 459.5 and 490.2, which are enumerated in section 1170.18, second degree burglary of property worth less than $950 is a nonviolent, nonserious crime. We do not agree.

Rodriguez was convicted of violation of section 459, which provides in relevant part: "Every person who enters any . . . vehicle . . . when the doors are locked . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." His actual crime is not analogous to shoplifting, a violation of section 459.5, which provides in relevant part: "shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary." The facts of the offense that Rodriguez committed do not fit section 459.5; Rodriguez did not enter a commercial establishment during regular business hours. His target was private property.

4

Finally, the prosecutor's charging decision did not violate Rodriguez's right to equal protection. "[W]hen an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." (*U. S. v. Batchelder* (1979) 442 U.S. 114, 123–124 [99 S.Ct. 2198, 2204, 60 L.Ed.2d 755].) "[N]umerous factors properly may enter into a prosecutor's decision to charge under one statute and not another, such as a defendant's background and the severity of the crime, and so long as there is no showing that a defendant 'has been singled out deliberately for prosecution on the basis of some invidious criterion,' that is, "'one that is arbitrary and thus unjustified because it bears no rational relationship to legitimate law enforcement interests[,]'" the defendant cannot make out an equal protection violation." (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838–839.)

Certainly, Rodriguez has not shown that he could have been charged under another statute which would have entitled him to a reduction of his sentence.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


LUI, J.