Filed 5/13/16  P. v. Tomblinson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>TOMAS WILLIAM TOMBLINSON,<br><br>   Defendant and Appellant. | C078861<br><br>(Super. Ct. No. 11F1859) |

Defendant Tomas William Tomblinson was incarcerated for four convictions, and sought resentencing under Proposition 47 (Pen. Code, § 1170.18)[1] as to one—possession of a controlled substance.  The trial court reduced this conviction to a misdemeanor and sentenced defendant on his remaining convictions to the same total prison term as his prior sentence by increasing the sentence for one of his other convictions.  At the resentencing hearing, the court did not mention any previously imposed fees and fines.

---

[1] Undesignated statutory references are to the Penal Code.

1

On appeal, defendant contends: (1) the trial court erred because section 1170.18, subdivision (e), bars a court from increasing the length of the term on any count above what was ordered at the original sentencing hearing; (2) if we find that he forfeited this first argument by failing to raise it in the trial court, his trial counsel provided ineffective assistance; and (3) he is entitled to have the notations in the minute order and abstract of judgment indicating that he owes restitution and parole revocation fines stricken because those notations constitute clerical error. Assuming defendant's first argument was not forfeited, we nonetheless reject it because subdivision (e) is not susceptible to an interpretation that precludes courts from making any upward adjustment to convictions outside the scope of Proposition 47. Because we reach the merits of this claim, we need not address defendant's second argument regarding ineffective assistance of counsel. We also decline to remove the restitution and parole revocation fines from the minute order and abstract of judgment.

## I. BACKGROUND

In 2011, in Shasta County Superior Court case No. 11F1859 (case one), as part of a negotiated plea agreement, defendant was convicted of possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a).) He also admitted to a 1996 arson conviction as an enhancement. (§ 1170.12.)

In 2013, in case No. 12F8026 (case two), defendant pleaded guilty to possession of a firearm by a felon. (§ 29800, subd. (a).) He again admitted to the 1996 arson conviction as an enhancement. (§ 1170.12.) He also admitted to violating his probation in case one.

In April 2014, in case No. 13F1725 (case three), defendant pleaded no contest to failure to appear in case two. (§ 1320, subd. (b).)

In July 2014, the court sentenced defendant to a total term of six years in prison: The midterm of two years doubled to four years in case two; one-third the midterm of eight months doubled to 16 months in case one; and one-third the midterm of eight

2

months in case three. The court also imposed fees and fines, including, as relevant here, restitution and parole revocation fines (§§ 1202.4, subd. (b), 1202.45) of $200 in case one, $960 each in case two, and $280 in case three. The parole revocation fines were stayed pending successful completion of parole.

In August 2014, in case No. 14F4544 (case four), defendant pleaded no contest to possession of illegal substances in jail. (§ 4573.6.) As a result, the trial court increased defendant's sentence by eight months for a total term of six years and eight months. The court also imposed fees and fines, including, as relevant here, restitution and parole revocation fines of $300 each, the latter of which the court stayed pending successful completion of parole.

In November 2014, the voters enacted Proposition 47, which requires "misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3(3), p. 70.) The offenses that Proposition 47 reduced to misdemeanors include possession of a controlled substance pursuant to Health and Safety Code section 11377. (§ 1170.18, subd. (a).) Proposition 47 added section 1170.18 to the Penal Code, which creates two separate procedures for individuals who were convicted of felonies that would have been a misdemeanor under Proposition 47 based on whether the person is still serving his or her sentence. A person who has completed his or her sentence may file an application in the trial court to have the conviction designated as a misdemeanor. (*Id*., subd. (f).) A person currently serving such a felony sentence "may petition for a recall of sentence before the trial court . . . to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act" (§ 1170.18, subd. (a)) and, unless the trial court determines that resentencing would pose an unreasonable risk of danger to public safety, "the petitioner's

3

felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to" those sections (*id.*, subd. (b)).

On December 8, 2014, defendant filed a petition for resentencing pursuant to section 1170.18, subdivision (a), requesting that the court reduce his conviction for possession of a controlled substance in case one to a misdemeanor offense.

On January 27, 2015, the court granted the petition for resentencing, and sentenced defendant to time served in case one. The trial court then resentenced defendant to a total of six years and eight months in prison for the remaining cases by increasing the term for case two. Defendant was sentenced to the upper term of three years doubled to six years in case two and one-third the midterm of eight months in case three. The sentence in case four was also increased to an upper term of four years, to run concurrently. The court made no mention of any fees or fines, and provided no reason for waiving or reducing any previously imposed fees and fines. However, the minute order for the hearing states that "all fines and fees remain as previously imposed and the defendant shall pay all outstanding fines and fees," and the abstract of judgment reflects the previously imposed restitution and parole revocation fines in cases two, three and four.

Defendant timely appealed.

## II. DISCUSSION

A.    *The Trial Court's Resentencing of Remaining Cases*

On appeal, defendant contends the trial court erred in increasing other components of his sentence in order to reach the same overall prison term after resentencing under Proposition 47. His argument relies solely upon section 1170.18, subdivision (e), which provides: "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence."

"When we interpret an initiative, we apply the same principles governing statutory construction. We first consider the initiative's language, giving the words their ordinary

4

meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure." (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.)

Defendant asserts that because the drafters used the words "term" and "sentence," these words must have separate meanings, and "term" must refer to the time imposed on each count. From this assumption, he further posits that subdivision (e) "means that no component can be longer than that set forth in the original sentence." But even if we accept defendant's argument that "term" should be given a different meaning than "sentence," it would not prevent the outcome in this case because subdivision (e) would only preclude a "term [for a particular count] longer than the original sentence," which in this case was six years and eight months.[2] To avoid this practical problem with his argument, defendant's approach would effectively require us to read words into the statute to create an entirely new rule: "Under no circumstances may resentencing under this section result in the imposition of a term [for a particular count] longer than [*that set forth for the term in*] the original sentence." This leap in his argument has no root in the language of the statute and the statute is not susceptible of being interpreted in that manner. Thus, we need not consider the ballot materials cited by defendant or his

---

[2] This interpretation would also result in less protection to defendants generally because it would theoretically allow the term for each count to be increased to equal the total amount of the original sentence, and for the total sentence to thereby increase. Thus, though defendant argues that we should apply the rule of lenity to interpret "term" to refer only to the sentence for a particular count, if it applied, the rule of lenity would counsel against such an interpretation.

argument that his interpretation would advance the voter's general intent by creating additional taxpayer savings and lowering sentences for nonserious, nonviolent crimes. To adopt defendant's construction of subdivision (e) would be inconsistent with our Supreme Court's instruction that "we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language." (*People v. Superior Court (Pearson), supra,* 48 Cal.4th at p. 571.)[3] Therefore, we reject his claim that section 1170.18, subdivision (e), prevented the trial court from imposing the same aggregate sentence he had prior to being resented under Proposition 47.

B.      *Minute Order and Abstract of Judgment*

Defendant also contends that because the trial court failed to mention the restitution and parole revocation fines regarding cases two, three and four at his resentencing hearing, and the People failed to object to that omission in the trial court, he is entitled to have these fines removed from the minute order and the abstract of judgment.

A restitution fine and its accompanying parole revocation fine are mandatory unless the reason for not imposing them is stated on the record. Section 1202.4, subdivision (b) provides: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." Section 1202.45, subdivision (a) provides: "In every case where a person is convicted of a crime

---

[3] We also observe that defendant's interpretation would create an unavoidable violation of subdivision (e) in instances where a defendant was convicted of multiple crimes, consecutive terms of imprisonment were imposed, and the crime reduced to a misdemeanor had originally been designated as the principal term. In these circumstances, the trial court would need to redesignate another offense as the principal, necessarily increasing the term as to that crime because the defendant would have only been serving one-third the middle term on the previously subordinate term. (See § 1170.1, subd. (a).)

and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4."

Here, defendant does not challenge the original imposition of these fines with respect to his unreduced crimes. Instead, he relies on the trial court's subsequent silence after he was resentenced under Proposition 47 and the rule that we may order the correction of minutes and the abstract of judgment based on the clerical error of failing to conform to the court's oral pronouncement. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388.)

He also cites *People v. Tillman* (2000) 22 Cal.4th 300 (*Tillman*), where the Supreme Court refused to amend the judgment to impose restitution and parole revocation fines under sections 1202.4 and 1202.45 after the trial court failed to state its reasons for not imposing the fines on the record. The court held that the People could not raise the trial court's failure to state the required findings on the record for the first time on appeal. (*Tillman, supra,* at p. 303.) Had the trial court failed to impose the challenged fines at any point, the authorities cited by defendant would apply. But here the trial court did not restate the revocation fines after resentencing under Proposition 47. This omission is consistent with the scope of the trial court's resentencing authority set forth in section 1170.18, subdivision (b), which provides that "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code." Defendant offers no authority to suggest that restitution and parole revocation fines that were properly orally pronounced at one time are deemed discharged by the trial court's silence at a subsequent Proposition 47 resentencing hearing, or that in such a circumstance the minute order and the abstract of judgment can be considered to conflict with the lack of a second oral pronouncement.

Therefore, we reject defendant's request to delete the restitution and parole revocation fines from the minute order and the abstract of judgment.

### III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

NICHOLSON, Acting P. J.

/S/

MURRAY, J.