Filed 6/16/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re | F077663 |
| TERRENCE BROWNLEE | (Fresno Super. Ct. No. F80257140-4) |
| on Habeas Corpus. | |

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.

Terrence Brownlee, in pro. per.; Heather MacKay, under appointment by the Court of Appeal, for Petitioner.

Xavier Becerra, Attorney General, Phillip J. Lindsay, Senior Assistant Attorney General, Jessica N. Blonien, Andrew R. Woodrow, Maria G. Chan and Pamela Hooley, Deputy Attorneys General, for Respondent.

-ooOoo-

Terrence Brownlee is a state prison inmate. In 1980, he was sentenced by plea to serve 17 years to life in state prison for second degree murder committed with a firearm. He was 19 years old and remains imprisoned.

Brownlee petitioned this court for relief raising various claims. This court first ordered an informal response on a single ground: "Is petitioner entitled to a youth offender parole hearing; does the fact that petitioner has been denied parole on previous occasions, and the fact that his next parole hearing is set for August 2020, satisfy the mandate of Penal Code sections 3051, 3052 and 4801 since section 4801, subdivision (c) requires that when considering the suitability of a qualified youth offender for parole, the hearing panel 'shall give great weight to the diminished culpability of youth as compared

to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law.' (Pen. Code, § 4801, subd. (c).)"

After considering the informal response, we issued an order to show cause why Brownlee is not entitled to relief.[1] Thereafter, the Attorney General, on behalf of respondent, filed a return.[2] Counsel appointed to represent Brownlee filed a reply.[3] We conclude Brownlee is not entitled to relief, discharge the order to show cause, and deny the petition.[4]

## BACKGROUND

In 1980, Brownlee was sentenced to serve 17 years to life in prison for second degree murder with a firearm enhancement. He was 19 years old. Ten years later he received his first parole hearing. He received his most recent parole hearing in 2010. His next scheduled parole hearing is in August 2020.[5]

---

[1] "A court issues an order to show cause in a habeas corpus matter only when the petitioner has stated a prima facie case for relief on one or more claims. The order, and the new cause thereby created, is limited to that specific claim or claims …." (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 572.)

[2] "The return … 'becomes the principal pleading' [citation] and is 'analogous to the complaint in a civil proceeding.' " (*People v. Romero* (1994) 8 Cal.4th 728, 738-739 (*Romero*).)

[3] The reply or "traverse is analogous to the answer in a civil proceeding." (*Romero, supra,* 8 Cal.4th at p. 739.)

[4] We address only the youth offender parole hearing claim. Brownlee's other claims, in varying format, have been previously presented and rejected numerous times in this court. "It has long been the rule that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected." (*In re Clark* (1993) 5 Cal.4th 750, 767.)

[5] At oral argument, the Deputy Attorney General explained Brownlee's next parole hearing is in fact set for July 16, 2020.

In 2013, the Legislature enacted Penal Code section 3051[6] to grant youth offender parole hearings. (Sen. Bill No. 260; Stats. 2013, ch. 312 § 4.) As initially enacted, the youth offender parole process applied to prisoners who were juveniles when they committed their crimes.

In 2016, the age eligibility was increased to include prisoners who were less than 23 years old when they committed their crimes.[7] (Sen. Bill No. 261; Stats. 2015 ch. 471, § 1.) At the same time, the Legislature set a deadline by which to complete these hearings for eligible prisoners: January 1, 2018. (§ 3051.1, subd. (a); Sen. Bill No. 519; Stats. 2015, ch. 472, § 1.)

Despite meeting the age qualification, Brownlee never received a youth offender parole hearing. He filed this petition on June 20, 2018.

## DISCUSSION

Brownlee alleges the Board of Parole Hearings failed to afford him a youth offender parole hearing. As we shall explain, there is no failure because the statutory framework's plain language does not afford him a youth offender parole hearing.

"In construing a statute, our fundamental task is to ascertain the Legislature's intent so as to effectuate the purpose of the statute. [Citation.] We begin with the language of the statute, giving the words their usual and ordinary meaning. [Citation.] The language must be construed 'in the context of the statute as a whole and the overall statutory scheme, and we give "significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." ' [Citation.] In other words, ' "we do not

---

[6] Undesignated statutory references are to the Penal Code.

[7] Section 3051 was amended twice more after 2016. First, the age qualification was increased to include 24- and 25-year-old offenders. (Assem. Bill No. 1308; Stats. 2017, ch. 675, § 1.) The section then underwent relevant but immaterial structural changes after the parties completed their respective filings. (Assem. Bill No. 965; Stats. 2019, ch. 577, § 2.) Throughout this opinion we quote section 3051 as presently written.

construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' [Citation.]" ' [Citation.] If the statutory terms are ambiguous, we may examine extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] In such circumstances, we choose the construction that comports most closely with the Legislature's apparent intent, endeavoring to promote rather than defeat the statute's general purpose, and avoiding a construction that would lead to absurd consequences." (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83.)

Here, the youth offender parole statutory framework plainly does not entitle Brownlee to a youth offender parole hearing. The framework is found in sections 3051, 3051.1, and 4801.

As pertinent to Brownlee, the relevant statutes provide that "[a] youth offender parole hearing is a hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of any prisoner who was 25 years of age or younger … at the time of the controlling offense." (§ 3051, subd. (a)(1).) "[Y]outh offenders are entitled to their initial youth offender parole hearing within six months of their youth parole eligible date, as determined in [section 3051,] subdivision (b), unless previously released or entitled to an earlier parole consideration hearing pursuant to any other law." (§ 3051, subd. (a)(2)(C).)

"A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the sentence is a life term of less than 25 years to life shall be eligible for release on parole at a youth offender parole hearing during the person's 20th year of incarceration. The youth parole eligible date for a person eligible for a youth offender parole hearing under this paragraph shall be the first day of the person's 20th year of incarceration." (§ 3051, subd. (b)(2).)

"[T]he board shall complete all youth offender parole hearings for individuals who were sentenced to indeterminate life terms and who become entitled to have their parole

4.

suitability considered at a youth offender parole hearing on the effective date of the act that added subparagraph (A) of paragraph (2) of subdivision (i) of Section 3051 by January 1, 2018." (§ 3051.1, subd. (a).) "When a prisoner committed his or her controlling offense, as defined in subdivision (a) of Section 3051, when he or she was 25 years of age or younger, the board, in reviewing a prisoner's suitability for parole pursuant to Section 3041.5, shall give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801, subd. (c).)

Under these statutes, Brownlee would normally be "entitled to [his] youth offender parole hearing within six months of [his] youth parole eligible date …" (§ 3051, subd. (a)(2)(C).) But that subparagraph concludes with an excluding clause: "[U]nless previously released or entitled to an earlier parole consideration hearing pursuant to any other law." (*Ibid*.) This excluding clause applies to Brownlee, who first received a parole hearing in 1990. Indeed, he continues to receive regular parole hearings with the next scheduled for July 2020.

Put simply, within this statutory framework, if a prisoner's first parole hearing is not a youth offender parole hearing, then the prisoner does not receive a youth offender parole hearing. Those prisoners are, however, still entitled to have "the board, in reviewing [the] prisoner's suitability for parole pursuant to Section 3041.5, … give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801, subd. (c).) This is true because section 4801, subdivision (c) is not limited to youth offender parole hearings—it applies to all parole hearings.

In other words, a youth offender parole hearing is simply one type of parole hearing. For example, section 3055 provides "elderly parole hearing[s] …." In contrast

5.

to section 3051's youth offender parole hearings, section 3055 contains no exclusion for individuals previously entitled to earlier parole hearings. The reason is obvious.

A youth offender parole hearing is designed to be the earliest and primary parole hearing for youth offenders due to "the diminished culpability of youth as compared to adults …." (§ 4801, subd. (c).) An expedited hearing is unnecessary when the prisoner is entitled to earlier parole consideration under other law. On the opposite end of the spectrum, an elderly parole hearing is designed to provide an additional opportunity to parole for aging prisoners. (§ 3055, subd. (c) ["special consideration to whether age, time served, and diminished physical condition, if any, have reduced the elderly inmate's risk for future violence."].)

In sum, Brownlee is not entitled to a youth offender parole hearing because he is already eligible for parole. (§ 3051, subd. (a)(1)(C).) Nonetheless, the Board of Parole Hearings shall apply "the diminished culpability of youth as compared to adults" criteria at his next parole hearing.[8] (§ 4801, subd. (c).)

## DISPOSITION

The order to show cause is discharged. The petition for writ of habeas corpus is denied.

_____
SNAUFFER, J.

WE CONCUR:


_____
FRANSON, Acting P.J.


_____
SMITH, J.

_____

[8] And at all future parole hearings if denied parole.

6.