[No. S171117. Apr. 8, 2010.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent;
MICHAEL NEVAIL PEARSON, Real Party in Interest.

## Counsel

Robert J. Kochly, District Attorney, and Doug MacMaster, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Habeas Corpus Resource Center, Gary D. Sowards, Susan Garvey and David Lane for Real Party in Interest.

## Opinion

**CHIN, J.**—Proposition 115 passed in 1990. Among other things, it added a new chapter to the Penal Code providing for reciprocal pretrial discovery in criminal cases. (Pen. Code, § 1054 et seq.; see Pen. Code, pt. 2, tit. 6, ch. 10.)[1] The new chapter states that "[n]o order requiring discovery shall be made in criminal cases except as provided by this chapter," and that the "chapter shall be the only means by which the defendant may compel" discovery from prosecutors or law enforcement agencies. (§ 1054.5, subd. (a).) The Legislature may amend Proposition 115's statutory provisions, but only by a two-thirds majority vote in each house. In 2002, acting with less than a two-thirds majority, the Legislature enacted section 1054.9, which requires a court to order that a defendant under a sentence of death or life in prison without the possibility of parole be provided postconviction discovery in specified circumstances.

▪ We must decide whether section 1054.9 is invalid because it amended Proposition 115 without the requisite two-thirds majority. We conclude section 1054.9 does not amend Proposition 115 because that proposition governs only pretrial discovery and does not prohibit postconviction discovery of the kind that section 1054.9 provides.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

## I. PROCEDURAL HISTORY

Real party in interest Michael Nevail Pearson (hereafter defendant) is currently under a judgment of death, and his automatic appeal is pending in this court.

On May 22, 2007, defendant, represented by the Habeas Corpus Resource Center, filed in the Contra Costa County Superior Court a motion for postconviction discovery under section 1054.9 to aid in preparing a petition for writ of habeas corpus challenging his death judgment. In response, the Contra Costa County District Attorney, representing the People, argued that section 1054.9 was an invalid attempt to amend Proposition 115. The superior court found section 1054.9 valid and granted some of the requested discovery.

The district attorney filed the instant petition for writ of mandate in the Court of Appeal, arguing that section 1054.9 is invalid. After issuing an order to show cause, the Court of Appeal held that section 1054.9 is valid and denied the petition. We granted the district attorney's petition for review, which presented only the issue regarding section 1054.9's validity. Originally, we deferred briefing in this case pending consideration and disposition of the issue in *Barnett v. Superior Court* (review granted Sept. 17, 2008, S165522). Later, we ordered briefing in this case and also stated that, in deciding the issue, we would consider the relevant amicus curiae briefs and the briefs replying to those briefs that were filed in *Barnett*.

## II. DISCUSSION

■ Proposition 115, an initiative measure adopted on June 5, 1990, added a new chapter to the Penal Code authorizing reciprocal discovery in criminal cases. (§ 1054 et seq.; see generally *Izazaga v. Superior Court* (1991) 54 Cal.3d 356 [285 Cal.Rptr. 231, 815 P.2d 304].) Because this new chapter is part of an initiative measure, the Legislature has limited ability to amend it. The Legislature may not amend an initiative statute without subsequent voter approval unless the initiative permits such amendment, "and then only upon whatever conditions the voters attached to the Legislature's amendatory powers." (*Proposition 103 Enforcement Project v. Quackenbush* (1998) 64 Cal.App.4th 1473, 1483–1484 [76 Cal.Rptr.2d 342]; see Cal. Const., art. II, § 10, subd. (c); *Amwest Surety Ins. Co. v. Wilson* (1995) 11 Cal.4th 1243, 1251 [48 Cal.Rptr.2d 12, 906 P.2d 1112].)

■ An uncodified section of Proposition 115 provides: "The statutory provisions contained in this measure may not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes

effective only when approved by the electors." (Stats. 1990, § 30, p. A-256.) Thus, the Legislature may amend Proposition 115's statutory provisions without voter approval, but only by a two-thirds vote of each house.

In 2002, the Legislature enacted section 1054.9. Subdivision (a) of that section provides as relevant: "Upon the prosecution of a postconviction writ of habeas corpus or a motion to vacate a judgment in a case in which a sentence of death or of life in prison without the possibility of parole has been imposed, . . . the court shall . . . order that the defendant be provided reasonable access to any of the materials described in subdivision (b)." Subdivision (b) of that section provides: "For purposes of this section, 'discovery materials' means materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at time of trial."[2]

Senate Bill No. 1391 (2001–2002 Reg. Sess.), the legislation that enacted section 1054.9, did not receive two-thirds majority support in either house of the Legislature. Twenty-one of the 40 members of the Senate and 42 of the 80 members of the Assembly voted for the bill. (3 Sen. J. (2001–2002 Reg. Sess.) p. 4500; 5 Assem. J. (2001–2002 Reg. Sess.) p. 8239; see Cal. Const., art. IV, § 2.) Section 1054.9 was never submitted to a vote by the electorate. Accordingly, if section 1054.9 amended Proposition 115, it is invalid.

The district attorney contends that section 1054.9 does amend Proposition 115. He relies on section 1054.5, subdivision (a), part of Proposition 115's statutory provisions, which provides: "No order requiring discovery shall be made in criminal cases except as provided in this chapter. This chapter shall be the only means by which the defendant may compel the disclosure or

---

[2] In its entirety, section 1054.9 provides: "(a) Upon the prosecution of a postconviction writ of habeas corpus or a motion to vacate a judgment in a case in which a sentence of death or of life in prison without the possibility of parole has been imposed, and on a showing that good faith efforts to obtain discovery materials from trial counsel were made and were unsuccessful, the court shall, except as provided in subdivision (c), order that the defendant be provided reasonable access to any of the materials described in subdivision (b).

"(b) For purposes of this section, 'discovery materials' means materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at time of trial.

"(c) In response to a writ or motion satisfying the conditions in subdivision (a), [the] court may order that the defendant be provided access to physical evidence for the purpose of examination, including, but not limited to, any physical evidence relating to the investigation, arrest, and prosecution of the defendant only upon a showing that there is good cause to believe that access to physical evidence is reasonably necessary to the defendant's effort to obtain relief. The procedures for obtaining access to physical evidence for purposes of postconviction DNA testing are provided in Section 1405, and nothing in this section shall provide an alternative means of access to physical evidence for those purposes.)

"(d) The actual costs of examination or copying pursuant to this section shall be borne or reimbursed by the defendant." (Stats. 2002, ch. 1105, § 1.)

production of information from prosecuting attorneys, law enforcement agencies which investigated or prepared the case against the defendant, or any other persons or agencies which the prosecuting attorney or investigating agency may have employed to assist them in performing their duties." The question before us is whether the discovery provided in section 1054.9 violates this prohibition.

Proposition 115 provides only for *pretrial* discovery to aid in the trial process. The chapter's purposes make this clear. Section 1054 provides: "This chapter shall be interpreted to give effect to all of the following purposes:

"(a) To promote the ascertainment of truth in trials by requiring timely pretrial discovery.

"(b) To save court time by requiring that discovery be conducted informally between and among the parties before judicial enforcement is requested.

"(c) To save court time in trial and avoid the necessity for frequent interruptions and postponements.

"(d) To protect victims and witnesses from danger, harassment, and undue delay of the proceedings.

"(e) To provide that no discovery shall occur in criminal cases except as provided by this chapter, other express statutory provisions, or as mandated by the Constitution of the United States."

Most of these purposes, and particularly those stated in section 1054, subdivisions (a) and (c), relate solely to the trial phase of the case. Arguably, protecting victims and witnesses (§ 1054, subd. (d)) might relate to postconviction proceedings, but even this purpose seems primarily directed to the trial. Moreover, the substance of the discovery requirements relates entirely to evidence that might be presented at trial (§§ 1054.1, 1054.2), and the time limits for providing the discovery require the discovery to be provided before trial (§ 1054.7). These circumstances also show that the discovery referred to is pretrial.

The parties agree that Proposition 115 provides only for pretrial discovery. Where they disagree is whether it prohibits posttrial discovery. We conclude it does not do so.

■ Section 1054.9 clearly *augments* Proposition 115's discovery provisions. It provides for discovery not provided for in Proposition 115. That

circumstance alone does not mean it amended Proposition 115. We have described an amendment as "a legislative act designed to change an existing initiative statute by adding or taking from it some particular provision." (*People v. Cooper* (2002) 27 Cal.4th 38, 44 [115 Cal.Rptr.2d 219, 37 P.3d 403].) But this does not mean that any legislation that concerns the same subject matter as an initiative, or even augments an initiative's provisions, is necessarily an amendment for these purposes. "The Legislature remains free to address a ' "related but distinct area" ' [citations] or a matter that an initiative measure 'does not specifically authorize *or* prohibit.' " (*People v. Kelly* (2010) 47 Cal.4th 1008, 1025–1026 [103 Cal.Rptr.3d 733, 222 P.3d 186]; see also *Cooper, supra,* at p. 47; *County of San Diego v. San Diego NORML* (2008) 165 Cal.App.4th 798, 830 [81 Cal.Rptr.3d 461].) ■ In deciding whether this particular provision amends Proposition 115, we simply need to ask whether it prohibits what the initiative authorizes, or authorizes what the initiative prohibits.

■ Section 1054.9 does not prohibit anything that Proposition 115 authorizes. No one contends otherwise. But the district attorney argues that it authorizes what Proposition 115 prohibits, i.e., additional discovery in criminal cases. In resolving the question, we must decide what the voters contemplated. "[T]he voters should get what they enacted, not more and not less." (*Hodges v. Superior Court* (1999) 21 Cal.4th 109, 114 [86 Cal.Rptr.2d 884, 980 P.2d 433].)

■ This is a question of statutory interpretation. When we interpret an initiative, we apply the same principles governing statutory construction. We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure. (*Professional Engineers in California Government v. Kempton* (2007) 40 Cal.4th 1016, 1037 [56 Cal.Rptr.3d 814, 155 P.3d 226].)

■ We thus turn to the initiative's language. Section 1054.5, subdivision (a), states that "[n]o order requiring discovery shall be made in *criminal cases* except as provided in this chapter." (Italics added.) As relevant here, section 1054.9, subdivision (a), permits postconviction discovery "[u]pon the prosecution of a postconviction writ of *habeas corpus* . . . ." (Italics added.) In *In re Steele* (2004) 32 Cal.4th 682, 691 [10 Cal.Rptr.3d 536, 85 P.3d 444], we interpreted this language as permitting discovery to aid in preparing a habeas corpus petition even before the actual petition has been filed. Thus,

the narrow question is whether discovery to prosecute (or prepare) a habeas corpus matter comes within a "criminal case[]" under section 1054.5. We do not believe so. A habeas corpus matter has long been considered a separate matter from the criminal case itself. (See *In re Carpenter* (1995) 9 Cal.4th 634, 645–646 [38 Cal.Rptr.2d 665, 889 P.2d 985] [superior court that had no jurisdiction over underlying criminal case because it was on appeal had jurisdiction over habeas corpus matter challenging the underlying judgment].)

■ "In *People v. Gonzalez* (1990) 51 Cal.3d 1179 [275 Cal.Rptr. 729, 800 P.2d 1159], we held that a person seeking habeas corpus relief from a judgment of death is not entitled to court-ordered discovery unless and until this court has issued an order to show cause and thus has determined that the petition has stated a prima facie case for relief. (*Id.* at pp. 1255–1261.)" (*In re Steele, supra,* 32 Cal.4th at p. 690.) But section 1054.9 changed this rule. "Defendants are now entitled to discovery to assist in stating a prima facie case for relief," i.e., before they actually file the petition. (*Steele, supra,* at p. 691.) Although section 1054.9's discovery may occur before the actual habeas corpus petition is filed, it is part of the prosecution of the habeas corpus matter, not part of the underlying criminal case.

■ Proposition 115's discovery provisions all deal with the underlying trial. For this reason, we have held that they do not apply to habeas corpus matters (although they may provide guidance in crafting discovery orders on habeas corpus). (*In re Scott* (2003) 29 Cal.4th 783, 813–814 [129 Cal.Rptr.2d 605, 61 P.3d 402].) Indeed, Proposition 115's discovery provisions are a bad fit for habeas corpus. The issue on habeas corpus is not defendant's guilt or innocence or the appropriate punishment but whether the defendant (designated the petitioner on habeas corpus) can establish some basis for overturning the underlying judgment. A court issues an order to show cause in a habeas corpus matter only when the petitioner has stated a prima facie case for relief on one or more claims. The order, and the new cause thereby created, is limited to that specific claim or claims, and the petitioner bears the burden of establishing the invalidity of the underlying judgment. (See *People v. Duvall* (1995) 9 Cal.4th 464, 474 [37 Cal.Rptr.2d 259, 886 P.2d 1252]; *People v. Romero* (1994) 8 Cal.4th 728, 737–740 [35 Cal.Rptr.2d 270, 883 P.2d 388].) Discovery on habeas corpus is necessarily directed at issues raised or potentially raised on habeas corpus, which may or may not relate to any of the evidence presented or not presented in the underlying criminal trial.

■ Because of the differences between the underlying criminal case and a habeas corpus matter challenging that underlying case, we do not believe the electorate that passed Proposition 115, in providing for pretrial discovery in a criminal case, intended either to provide for or to prohibit discovery in a

separate habeas corpus matter. Section 1054.9 addresses an area that is *related* to Proposition 115's discovery provisions but, crucially, it is also a *distinct* area. (*People v. Kelly, supra,* 47 Cal.4th at p. 1025.) Proposition 115 does not prohibit section 1054.9's discovery.

The district attorney also argues that the Legislature's use of the word "defendant" rather than "petitioner" in section 1054.9, and its placing that section in the same chapter as Proposition 115's discovery provisions, shows that the Legislature amended those discovery provisions and did not create discovery in a separate habeas corpus matter. We disagree. The substance, not the form, is what matters. If, as we conclude, Proposition 115 does not prohibit postconviction discovery to aid in the prosecution of a habeas corpus matter, section 1054.9's use of particular party designations and its location in the Penal Code provide no basis to invalidate the section.

### III. CONCLUSION

We affirm the judgment of the Court of Appeal.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Moreno, J., and Corrigan, J., concurred.