Filed 10/22/19 (unmodified opn. attached)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| O.G., | 2d Crim. No. B295555 |
| Petitioner, | (Super. Ct. No. 2018017144) (Ventura County) |
| v. | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |
| THE SUPERIOR COURT OF VENTURA COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

THE COURT:

It is ordered that the opinion filed herein on September 30, 2019, be modified as follows:

1. On page 2, second paragraph, delete the first full sentence beginning with: "The trial court approved the district attorney's request" and replace with: "The trial court, over O.G.'s objection, granted the district attorney's motion to refer the case to the probation department for a transfer report to address O.G.'s suitability for juvenile court treatment and/or transfer to

adult court for prosecution.  (See former Welf. & Inst. Code, § 707, subd. (a)(1).)"

No change in judgment.

_____
YEGAN, J.              GILBERT, P. J.            PERREN, J.

Filed 9/30/19 (unmodified opinion)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| O.G.,<br><br>   Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF<br>VENTURA COUNTY,<br><br>   Respondent;<br><br>THE PEOPLE,<br><br>   Real Party in Interest. | 2d Crim. No. B295555<br>(Super. Ct. No. 2018017144<br>(Ventura County) |

The Legislature cannot overrule the electorate. All power of government ultimately resides in the people. (See *People v. Kelly* (2010) 47 Cal.4th 1008, 1025; see also *DeVita v. County of Napa* (1995) 9 Cal.4th 763, 775.) Under the guise of "amendment," an initiative may not be "annulled" by the Legislature. Consistent with precedent, we "jealously guard" the law as declared by the voters. We hold that Senate Bill No. 1391 is unconstitutional insofar as it precludes the possibility of adult

prosecution of an alleged 15-year-old murderer. (See *post*, at pp. 4-5.)

Fifteen-year-old O.G., despite his age, is deeply enmeshed in youth gang culture. On two separate occasions and in the company of gang cohorts, he is alleged to have been the actual murderer of two people who were in the wrong place at the wrong time. On one occasion, the victim was shot to death. On the other occasion, the victim was stabbed to death. The People of the State of California, by and through the Ventura County District Attorney, seek to try petitioner as an adult. Proposition 57, an initiative passed by the voters allows the district attorney, with the approval of the superior court, to try him as an adult. But effective January 1, 2019, Senate Bill No. 1391 (Stats. 2018, ch. 1012, § 1 (hereafter S.B. 1391)) prohibits even asking the superior court for such permission. Instead, notwithstanding a body count, the facts and circumstances concerning the commission of the offenses, or the background and history of the perpetrator, a 15-year-old alleged murderer must be dealt with in the juvenile court.

The trial court approved the district attorney's request to try petitioner as an adult because it determined, both legally and factually, that he should be prosecuted in adult court. It expressly found that the Legislature could not, consistent with California Supreme Court precedent, i.e., *People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571 (*Pearson*), alter the terms of the initiative. O.G. petitioned for extraordinary relief. We issued a stay of the trial and an order to show cause why the relief prayed for in the petition should not be granted.

Four court of appeal opinions have ruled that the Legislature could lawfully "amend" Proposition 57 because the

2

amendment was "consistent" with the goals of Proposition 57. (*People v. Superior Court* (*Alexander C.*) (2019) 34 Cal.App.5th 994; *People v. Superior Court* (*K.L.*) (2019) 36 Cal.App.5th 529.) Contrary to the position taken by the Ventura County District Attorney, the Attorney General, as amicus curiae, contends that the extant court of appeal opinions were correctly decided and that the superior court order approving transfer to adult court must be vacated.

Recently, the Fifth Appellate District spoke to the identical issue in a 2 to 1 opinion, *People v. Superior Court* (*T.D.*) (2019) 38 Cal.App.5th 360; see also *People v. Superior Court* (*I.R.*) (2019) 38 Cal.Appl.5th 385. The majority in *T.D.* holds that S.B. 1391 lawfully amends Proposition 57 because it is "consistent with" and will "further" the intent of Proposition 57. As we explain, it is not consistent. It is inconsistent as a matter of law. We agree with the cogent analysis of the dissent authored by Acting Presiding Justice Poochigian. The *T.D.* majority at least recognizes *Pearson*, *supra*, 48 Cal.4th 564 but does not ask nor answer the straightforward determinative question. (See *post*, at pp. 4-5.)

And even more recently, the Sixth District spoke to the identical issue, again in a two to one opinion. (*People v. Superior Court* (*S.L.*) (Sept. 20, 2019, H046598) __ Cal.App.5th __ [2019 Cal.App. LEXIS 904].) The majority does not cite *Pearson* which we believe is determinative. We agree with the cogent analysis of the dissent authored by Justice Grover.

It does not matter whether treating a 15-year-old alleged murderer as a juvenile is wise or unwise. That is not a judicial call. What is a judicial call is whether the Legislature may prohibit by statute what the electorate has previously authorized

by initiative.  We disagree with the four court of appeal opinions because, frankly, they did not ask nor answer the determinative question so aptly framed by Justice Chin for a unanimous Supreme Court in *Pearson*.  Three of the four court of appeal opinions do not even cite to the *Pearson* case.  Principles of stare decisis require adherence to the *Pearson* rule.  (*Auto Equity Sales*, *Inc. v. Superior Court* (l962) 57 Cal.2d 450, 455.)  In our view, insofar as S.B. 1391 precludes the possibility of adult prosecution of a 15-year-old murderer, it is unconstitutional.  (Cal. Const., art. II, § 10, subd. (c).)[1]

The court of appeal opinions seem enamored with the history of how 15-year-old alleged murderers have historically been treated.  This is, largely, irrelevant.  It is the "overruling" of the People's latest expression of their wishes in 2016 which is the starting and ending relevant date.  The court of appeal opinions analyze the enumerated purposes of Proposition 57.  This is not irrelevant but the focus is on the trees and not the forest.  The language of Proposition 57 permits adult prosecution and S.B. 1391 precludes such prosecution.  The expressly stated goal of S.B. 1391 is to categorically preclude the possibility of adult court treatment of a 15-year-old for specified crimes including murder.

*Pearson*, *supra*, 48 Cal.4th at page 571 posits the determinative question:  "In deciding whether this particular provision [S.B. 1391] amends Proposition [57], we simply need to

---

[1] (Cal. Const., art. II, § 10, subd. (c) states:  "The Legislature may amend or repeal a referendum statute.  The Legislature may amend or repeal an initiative statute by another statute that becomes effective only when approved by the electors unless the initiative statute permits amendment or repeal without the electors' approval."

ask whether it prohibits what the initiative authorizes, or authorizes what the initiative prohibits." Here, the superior court correctly ruled that the initiative authorizes the possibility of treating a 15-year-old alleged murderer as an adult and that S.B. 1391 precludes this possibility.

S.B. 1391 is a jurisdictional change in substantive criminal law/juvenile law. It is not merely procedural. This attempt to "overrule" Proposition 57 violates the well settled rule that the Legislature may not enact a law that thwarts the initiative process without the consent of the people. (E.g., *Proposition 103 Enforcement Project v. Quackenbush* (1998) 64 Cal.App.4th 1473, 1484; see also *People v. Kelly* (2010) 47 Cal.4th 1008, 1025-1026 (*Kelly*).) If the Legislature wants to change the Proposition 57 rule, it must submit the issue to the electorate. We "jealously guard" the law as declared by the voters. (*Kelly*, at p. 1025.)

We also observe that its declaration that S.B. 1391 "finds and declares that this act is consistent with and furthers the intent of Proposition 57 . . . " is entitled to no weight. (9 West's Cal. Legislative Service (Stats. 2018, ch. 1021, § 3, p. 6672 (S.B. 1391)).) This is a self-serving statement designed to bolster the attempt to overrule the electorate. Whether the act can be so construed presents a legal question for the judiciary.

Finally, in our view, S.B. 1391 may contravene Proposition 57's express purpose to "protect and enhance public safety." It may rationally be stated that S.B. 1391 does the opposite. It provides for juvenile treatment versus punishment for a person who commits murder or multiple murders. It thus provides less protection for the public. And let us not forget that just because the People ask for approval to try a 15-year-old as an adult does not inexorably mean that the superior court will agree. Who

better than a superior court judge to consider the entire evidentiary picture and background of the 15-year-old to make this determination?

The stay order previously issued by this court is vacated. The order to show cause is discharged. The petition for extraordinary relief is denied.

<u>CERTIFIED FOR PUBLICATION.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

6

GILBERT, P. J., Concurring.

I am compelled to agree with my colleagues and those in other districts who have written dissents that the Legislature overstepped its boundary in drafting Senate Bill No. 1391. The legislation contradicts the language of Proposition 57.

My colleagues in other districts who have upheld the legislation offer well-intentioned reasons based on what they see as the voter's intent. I am reminded of what is reputed to be Justice Holmes's dictum: His obligation as a judge is to look at what the Legislature (here the People) said, not what it (they) meant.

However reasonable the views of my colleagues in other districts concerning the voter's intent in Proposition 57, the words of Proposition 57 contradict that view. Our oath of office requires us to follow the clear language of the proposition absent a constitutional infirmity. Here the constitutional infirmity is in Senate Bill No. 1391.

Separation of powers is a guiding principle of our democracy. We must preserve this safeguard whatever our views about the wisdom of the proposition or the legislative enactments concerning that proposition.

If we fail to adhere to this analysis of legislation, we follow a path that can lead to unforeseen consequences in the interpretation of future legislation. When the shoe is on the other foot, one may get a bunion.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P. J.

1

Kevin J. McGee, Judge

Superior Court County of Ventura

_____

Richard Lennon, Executive Director, Jennifer Hansen, Staff Attorney under appointment by the Court of Appeal and Willard P. Wiksell for Petitioner.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Thomas S. Patterson, Assistant Attorney General, Tamar Pachter and Nelson R. Richards, Deputy Attorneys General, as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent.

Gregory D. Totten, District Attorney, Michael D. Schwartz, Chief Assistant District Attorney, Tate McCallister and Michelle Contois, Deputy District Attorneys for Real Party in Interest.