Filed 9/3/20  P. v. Todd CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C090356 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF952576) |
| v. | |
| MICHAEL ANDRE TODD, | |
| Defendant and Appellant. | |

In 1996, defendant Michael Andre Todd was convicted by a jury of one count of first-degree murder (Pen. Code, § 187, subd. (a))[1] and one count of torture (§ 206). Defendant was sentenced to 25 years to life for the murder and his sentence for torture was stayed pursuant to section 654.  Following the passage of Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437), defendant filed a petition for resentencing under newly enacted section 1170.95.

---

[1] Undesignated statutory references are to the Penal Code.

1

The District Attorney for Yolo County opposed defendant's petition, arguing in pertinent part that Senate Bill 1437 is an unconstitutional amendment of two prior initiative measures—Proposition 7 (Prop. 7, as approved by voters, Gen. Elec. (Nov. 7, 1978)) and Proposition 115 (Prop. 115, as approved by voters, Primary Elec. (June 5, 1990)). The Yolo County Superior Court agreed with the District Attorney and denied defendant's request for resentencing without prejudice. Defendant timely appealed.

In *People v. Superior Court (Ferraro)* (2020) 51 Cal.App.5th 896 (*Ferraro*), this court recently joined the other appellate courts who have addressed the issue in concluding that Senate Bill 1437 is not an invalid amendment of either Propositions 7 or 115 because the legislation did not add to or take away from any provision in either initiative. (See, e.g., *People v. Bucio* (2020) 48 Cal.App.5th 300, 311-312; *People v. Cruz* (2020) 46 Cal.App.5th 740, 747 (*Cruz*); *People v. Solis* (2020) 46 Cal.App.5th 762, 769; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 251; *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275 (*Gooden*).) For the reasons discussed in *Ferraro*, we will reverse the superior court's order denying defendant's petition and remand for further proceedings.

## I. BACKGROUND[2]

Senate Bill 1437, which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended section 188 to provide: "Except as stated in

---

[2] Because the superior court's order did not address the merits of defendant's section 1170.95 petition, we do not recount the facts that would be necessary to evaluate the merits thereof.

subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e), now provides that a participant in the perpetration or attempted perpetration of a felony specified in subdivision (a) in which death occurs is liable for murder only if one of the following is proven: "(1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."

Senate Bill 1437 also added section 1170.95, which applies these changes retroactively by permitting qualifying individuals who were "convicted of felony murder or murder under a natural and probable consequences theory . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a).)

After Senate Bill 1437 became effective, defendant filed a pro per petition to obtain resentencing under section 1170.95. Defendant followed up his original submission with a motion to amend his petition for resentencing that included a lengthy declaration further supporting his petition. The District Attorney filed an opposition titled, "People's Informal Response to Petition for Writ of Habeas Corpus." This opposition argued in pertinent part that Senate Bill 1437 was an unconstitutional amendment of Propositions 7 and 115 and that defendant had not and could not establish a prima facie case for eligibility. The superior court agreed that Senate Bill 1437 was unconstitutional and denied defendant's petition/affirmed that the denial of defendant's petition was without prejudice. Defendant timely appealed.

## II. DISCUSSION

"The Legislature may not amend an initiative statute without subsequent voter approval unless the initiative permits such amendment, 'and then only upon whatever conditions the voters attached to the Legislature's amendatory powers.' " (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 568 (*Pearson*).) Nonetheless, " '[t]he Legislature remains free to address a " 'related but distinct area' " [citations] or a matter that an initiative measure "does not specifically authorize *or* prohibit." ' " (*Id*. at p. 571.) In deciding whether a particular piece of legislation has amended an initiative, our Supreme Court has framed the question as simply whether the legislation "prohibits what the initiative authorizes, or authorizes what the initiative prohibits." (*Ibid*.)

Defendant argues the superior court erred in determining that Senate Bill 1437 unconstitutionally amended Propositions 7 and 115. The Yolo County District Attorney disagrees, arguing Senate Bill 1437 amended Proposition 7 by authorizing what Proposition 7 prohibits, and amended Proposition 115 by prohibiting what Proposition 115 authorizes.[3] We recently rejected these arguments in *Ferraro, supra*, 51 Cal.App.5th 896.

As we explained in *Ferraro*, Senate Bill 1437 does not prohibit what Proposition 7 authorizes. Proposition 7 increased the punishment for murder. After passage of Proposition 7, section 190 provided: "Every person guilty of murder in the first degree shall suffer death, confinement in state prison for life without possibility of parole, or confinement in the state prison for a term of 25 years to life. The penalty to be applied shall be determined as provided in Sections 190.1, 190.2, 190.3, 190.4, and 190.5. [¶] Every person guilty of murder in the second degree shall suffer confinement in the state prison for a term of 15 years to life." (Prop. 7, § 2.) Proposition 7's general reference to

---

[3] The California Attorney General has filed an amicus brief supporting the constitutionality of Senate Bill 1437.

murder did not freeze the definition of murder as its existed at the time of Proposition 7's passing. (*Ferraro, supra*, 51 Cal.App.5th at p. 913.) Furthermore, "Proposition 7 applies to every person guilty of murder." (*Id.* at p. 909.) "Senate Bill 1437 presents a classic example of legislation that addresses a subject related to, but distinct from, an area addressed by an initiative." (*Gooden, supra*, 42 Cal.App.5th at p. 282; accord *Ferraro, supra,* at p. 911; *Cruz, supra*, 46 Cal.App.5th at p. 756.) The District Attorney's arguments to the contrary are unavailing. Unlike Proposition 7, Senate Bill 1437 does not change the *punishment* for murder, but rather, redefines the offense. (*Ferraro, supra,* at p. 911; see also *Cruz, supra*, at p. 754.) Senate Bill 1437 does not, as the District Attorney suggests, improperly commute or alter otherwise murder sentences imposed by Proposition 7. " 'The effect of a successful petition under section 1170.95 " ' "is to vacate the judgment . . . as if no judgment had ever been rendered." ' " [Citations.] Thus, the resentencing procedure established by section 1170.95—like the remainder of the statutory changes implemented by Senate Bill 1437—does not amend Proposition 7.' " (*Ferraro, supra*, at p. 914, quoting *Gooden, supra*, at p. 286.)

Nor does Senate Bill 1437 amend Proposition 115 to prohibit what Proposition 115 authorizes. (*Ferraro, supra*, 51 Cal.App.5th at pp. 914-917.) As relevant to this proceeding, Proposition 115 amended section 189 to add kidnapping, train wrecking, and certain sex offenses to the list of predicate offenses giving rise to first degree felony-murder liability. (Prop. 115, § 9.) "Again, the Legislature has acted in an area related, but distinct from the one addressed in Proposition 115. Section 189 still provides that a participant in a felony specified in subdivision (a) is liable for murder for a death during the perpetration or attempted perpetration of the offense, but subdivision (e) adds the additional requirements that one of the following must also be true: '(1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a

5

major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2.' " (*Ferraro, supra*, at p. 916.) "Nothing in Proposition 115 or its ballot materials indicate an intent to limit the ability of the Legislature to make the changes set forth in Senate Bill 1437." (*Id.* at pp. 916-917.)

We therefore conclude Senate Bill 1437 did not illegally amend Proposition 115 or Proposition 7. (*Ferraro, supra*, 51 Cal.App.5th at p. 917.)

### III. DISPOSITION

The superior court's order denying the petition on constitutional grounds is reversed and the matter remanded for further proceedings to address the merits of the matter.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

DUARTE, J.