Filed 10/28/20  P. v. Gonzalez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C090219 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF140606) |
| v. | |
| ARMANDO ARIAS GONZALEZ, | |
| Defendant and Appellant. | |

In 2015 a jury found defendant Armando Arias Gonzalez guilty of second degree murder and various other offenses resulting from a traffic accident.  We affirmed the judgment in an unpublished opinion in 2017.  (*People v. Gonzalez* (Mar. 29, 2017, C079410) [nonpub. opn.].)

In 2019 defendant filed a petition to obtain resentencing under newly enacted Penal Code section 1170.95.[1]  Section 1170.95 was enacted as part of Senate Bill No. 1437 (Stats. 2018, ch. 1015), which took effect January 1, 2019.  The legislation limits

---

[1]  Undesignated statutory references are to the Penal Code.

1

the circumstances under which a defendant can be found guilty of murder under the felony-murder rule or the natural and probable consequences doctrine. The legislation applies retroactively through section 1170.95, which allows qualifying petitioners to have their murder convictions vacated and be resentenced.

Without reaching the merits of defendant's petition, the trial court ruled that Senate Bill No. 1437 (Senate Bill 1437) unconstitutionally amended two prior initiative measures—Proposition 7 (Prop. 7, as approved by voters, Gen. Elec. (Nov. 7, 1978)) and Proposition 115 (Prop. 115, as approved by voters, Primary Elec. (June 5, 1990)).

Defendant appeals, contending the court erred in finding Senate Bill 1437 unconstitutionally amended Proposition 7 and Proposition 115. He also argues the provision does not violate the separation of powers doctrine, nor the Victims' Bill of Rights Act of 2008, commonly known as Marsy's Law (Prop. 9, as approved by voters, Gen. Elec. (Nov. 4, 2008))—two additional arguments the prosecution raised below, but which the trial court declined to address.[2] He requests that we remand the matter for the trial court to consider his petition in the first instance. The Attorney General filed an amicus curiae brief arguing Senate Bill 1437 is constitutional.

The trial court's ruling is defended on appeal by the District Attorney of Yolo County. Respondent argues that the trial court correctly found Senate Bill 1437 unconstitutional with respect to Proposition 7 and Proposition 115.[3] He does not address the additional Marsy's Law or separation of powers arguments on appeal.

---

[2] Although defendant raised the Marsy's Law and separation of powers arguments in his opening brief, respondent did not address the arguments (presumably because the trial court declined to rule on them), and defendant does not further refer to them in his reply brief.

[3] Respondent's request for judicial notice of unspecified "factual information," embedded in its brief, is denied. (Cal. Rules of Court, rule 8.252(a)(1).) Defendant's motion to strike or disregard the request for judicial notice is denied as moot.

We join every published appellate court opinion in concluding that Senate Bill 1437 does not invalidly amend either Proposition 7 or Proposition 115 because the legislation did not add to or take away from any provision in either initiative. (See, e.g., *People v. Superior Court (Ferraro)* (2020) 51 Cal.App.5th 896, 902 (*Ferraro*); *People v. Bucio* (2020) 48 Cal.App.5th 300, 311-312; *People v. Cruz* (2020) 46 Cal.App.5th 740, 747; *People v. Solis* (2020) 46 Cal.App.5th 762, 769; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 251 (*Lamoureux*); *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 275 (*Gooden*).) Nor does it violate the separation of powers doctrine or Marsy's Law. (*Lamoureux*, at pp. 252-266.) We reverse the order denying defendant's petition and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was an epileptic who, although receiving treatment for the condition, periodically suffered from seizures. He was involved in car accidents in 2002, 2004, 2010, and 2011. In three of those incidents, he told officers that he had a seizure or fell asleep; in the fourth incident, an investigator concluded the accident resulted from one of defendant's seizures.

On February 1, 2014, defendant left work early following two episodes of staring, trembling, and becoming nonresponsive. A few miles from work defendant hit Ruth Morales's car, causing her to crash into a tree. Morales was killed in the accident. Defendant left the scene and collided with a second vehicle a short distance away. He later told a nurse that he had a seizure earlier in the day and that he fell asleep at the wheel. He told the emergency room physician that he had a history of seizures, lost consciousness while driving, and awoke after the collision.

Defendant was charged with murder, gross vehicular manslaughter, hit and run with death, and two counts of perjury. A jury found him guilty of murder, gross vehicular manslaughter and perjury, but not guilty of hit and run with death. He was sentenced to an aggregate term of 15 years to life for the murder, plus three years for one

of the perjury charges and a consecutive eight months for the other; the court stayed the sentence on the gross vehicular manslaughter offense. We affirmed the judgment on appeal.

In March 2019 defendant filed a section 1170.95 petition to be resentenced under newly enacted Senate Bill 1437. Defendant declared in the petition that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that at trial he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. Defendant requested appointed counsel during the resentencing process.

The prosecution filed an informal response to the petition on constitutional grounds, arguing Senate Bill 1437 unconstitutionally amended Proposition 7 without voter approval, and amended Proposition 115 without the required two-thirds vote in each house of the Legislature. The prosecution further argued Senate Bill 1437 violated the separation of powers doctrine because the new law applied retroactively to final criminal judgments thereby undermining the inherent powers of the judiciary, and that it violated Marsy's Law by creating an entirely new path for murderers to reduce otherwise lawfully imposed sentences. To the extent the trial court reached the merits of the petition, the prosecution argued defendant was not eligible for relief. Defense counsel opposed the informal response.

The trial court found Senate Bill 1437 unconstitutional on two grounds—that it improperly amended Proposition 7 and Proposition 115. The court did not reach the prosecutor's remaining constitutional challenges, nor did it address the merits of defendant's petition. Defendant timely appealed.

4

## DISCUSSION

### A.     *Overview of Senate Bill 1437*

Senate Bill 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f) [uncodified preamble].)  The bill amended section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability.  (Stats. 2018, ch. 1015, § 2-3.)  It also added new section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions.  (Stats. 2018, ch. 1015, § 4.)

Senate Bill 1437 redefined malice under section 188 to require that a principal acted with malice aforethought; malice may no longer be imputed to a person based solely on his or her participation in a crime.  (Stats. 2018, ch. 1015, § 2.)  Section 188, subdivision (a)(3) now provides:  "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."

Section 189 was amended to include new subdivision (e), which provides:  "A participant in the perpetration or attempted perpetration of [particular crimes] in which a death occurs is liable for murder only if one of the following is proven:

"(1) The person was the actual killer.

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

5

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[4] (Stats. 2018, ch. 15, § 3.)

Senate Bill 1437 also created a petitioning procedure under newly enacted section 1170.95 for those eligible to have their murder convictions vacated and to seek resentencing on the remaining counts. (Stats. 2018, ch. 15, § 4.) Under the new statute, "[a] person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.
[And]

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

A petitioning defendant must file a declaration stating that he or she meets the above criteria and may request counsel be appointed. (§ 1170.95, subd. (b)(1)(A), (C).) If the defendant makes a prima facie showing of eligibility, the court must issue an order

---

[4] Section 189, subdivision (e) does not apply when the victim is a peace officer who was killed while in the course of his or her duties, where the defendant knew or reasonably should have known these facts. (§ 189, subd. (f).)

to show cause and hold a hearing "to determine whether to vacate the murder conviction and to recall the sentence . . . ." (§ 1170.95, subds. (c), (d)(1).) At that hearing, the prosecution bears the burden of proving beyond a reasonable doubt that the defendant is not eligible for resentencing. (§ 1170.95, subd. (d)(3).) "The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Ibid.*) The parties also may waive a resentencing hearing and stipulate that a defendant "is eligible to have his or her murder conviction vacated and for resentencing." (§ 1170.95, subd. (d)(2).)

"The Legislature passed Senate Bill 1437 by a two-thirds vote in the Senate and a less-than-two-thirds majority in the Assembly." (*Gooden, supra*, 42 Cal.App.5th at p. 277.)

**B.      *Constitutional Challenges to Senate Bill 1437***

During the pendency of defendant's appeal, several Courts of Appeal—including this one—have rejected the arguments respondent raises here and have found Senate Bill 1437 constitutional. For example, in *Gooden, supra*, 42 Cal.App.5th at pages 279 through 289 and *Lamoureux, supra*, 42 Cal.App.5th at pages 250 through 251, the courts concluded that Senate Bill 1437 does not unconstitutionally amend Propositions 7 and 115. (Accord, *People v. Bucio, supra*, 48 Cal.App.5th at pp. 311-312; *People v. Cruz, supra*, 46 Cal.App.5th at p. 747; *People v. Solis, supra*, 46 Cal.App.5th at p. 769.) And *Lamoureux* also considered and rejected the arguments that Senate Bill 1437 violates Marsy's Law or the separation of powers doctrine. (*Lamoureux*, at pp. 252-266.) We agree with the above authorities. (See *Ferraro, supra*, 51 Cal.App.5th at pp. 909-917 [Senate Bill 1437 was not an invalid attempt to amend Prop. 7 or Prop. 115].)

As *Gooden* explained, under article II, section 10 of the California Constitution, the Legislature may amend or repeal a statute enacted by voter initiative only with the

approval of the electorate unless the initiative statute provides otherwise.[5] (*Gooden, supra*, 42 Cal.App.5th at p. 279; Cal. Const., art. II, § 10, subd. (c).) Whether legislation amends a voter initiative depends on whether the legislation prohibits what the initiative authorizes or authorizes what the initiative prohibits. (*Gooden*, at pp. 279-280, quoting *People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.) Not all legislation concerning the same subject matter of an initiative necessarily constitutes an amendment to the initiative, however. (*Pearson*, at p. 571.) The Legislature is free to address a related but distinct area or a matter that an initiative matter does not specifically authorize or prohibit. (*Ibid.*)

*Gooden* concluded that Senate Bill 1437 did not unlawfully amend Proposition 7 because while the voter initiative enhanced punishments for persons convicted of murder,[6] Senate Bill 1437 amended the mens rea requirements for the offense of murder. (*Gooden, supra*, 42 Cal.App.5th at pp. 280-281.) Thus, Senate Bill 1437 concerned the elements of murder and Proposition 7 concerned the punishment imposed for murder, which, although related, were not the same. (*Gooden*, at pp. 281-282 ["Senate Bill 1437 presents a classic example of legislation that addresses a subject related to, but distinct from, an area addressed by an initiative"]; *People v. Anderson* (2009) 47 Cal.4th 92, 119.) This court recently agreed with *Gooden* (see *Ferraro, supra*, 51 Cal.App.5th at

---

[5] "Proposition 7 did not authorize the Legislature to amend or repeal its provisions without voter approval." (*Gooden, supra*, 42 Cal.App.5th at p. 278.) Proposition 115 authorized the Legislature to amend or repeal its provisions with a two-thirds vote of each house. (*Gooden*, at p. 278; Prop. 115, § 30.)

[6] Proposition 7 increased the punishment for first degree murder from a term of life imprisonment with parole eligibility after seven years to a term of 25 years to life, increased the punishment for second degree murder from a determinate term to a term of 15 years to life, and amended section 190.2 to expand the special circumstances under which a person convicted of first degree murder may be punished by death or life imprisonment without the possibility of parole. (Prop. 7, §§ 1-2, 5-6; *Gooden, supra*, 42 Cal.App.5th at p. 278.)

pp. 911-914), and none of the arguments respondent advances here lead us to a reach contrary result or find that *Gooden* was wrongly decided.[7]

Proposition 115 amended section 189 by adding kidnapping, train wrecking, and certain sex offenses to the list of predicate offenses giving rise to first degree felony-murder liability. (*Gooden, supra*, 42 Cal.App.5th at p. 278; Prop. 115, § 9.) *Gooden* concluded that Senate Bill 1437 did not invalidly amend Proposition 115 even though both measures altered the circumstances under which a person may be liable for felony murder because it "did not augment or restrict the list of predicate felonies on which felony murder may be based, which is the pertinent subject matter of Proposition 115." (*Gooden*, at p. 287.) Instead, Senate Bill 1437 addressed the distinct topic of the mental state necessary for murder liability. (*Gooden*, at p. 287.) This court in *Ferraro* agreed, and we see no reason to revisit the issue here. (*Ferraro, supra*, 51 Cal.App.5th at pp. 914-917.)

To the extent the trial court's ruling might possibly be supported by the prosecution's arguments below that Senate Bill 1437 violates the separation of powers doctrine or Marsy's Law (*People v. Zapien* (1993) 4 Cal.4th 929, 976 [trial court ruling, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason; if the ruling is correct upon any theory of law applicable to the case, it will be sustained on appeal]), we briefly address the arguments as raised in defendant's opening brief. We again join those courts that have considered and rejected such constitutional challenges. (See, e.g., *Lamoureux, supra*, 42 Cal.App.5th at pp. 252-266.)

---

[7] This court in *Ferraro* specifically rejected the arguments respondent advances here—that Proposition 7 improperly narrows the scope of persons subject to Proposition 7's punishment and that Proposition 7 froze the definition of murder as it was defined in 1978. (*Ferraro, supra*, 51 Cal.App.5th at pp. 909-913.) It also found that nothing in the ballot materials indicated Proposition 7 was intended to freeze the law regarding murder liability. (*Ferraro*, at pp. 913-914.)

9

The prosecutor below argued that in enacting section 1170.95 the Legislature (which passes laws that define crimes and prescribe punishment) encroached on the power of the judiciary (which resolves controversies between parties, including disposing of criminal charges) (*Lamoureux, supra*, 42 Cal.App.5th at pp. 252-253) to issue final judgments because the provision applies retroactively to prisoners serving final sentences and permits final judgments of conviction to be reopened. In rejecting the same argument, *Lamoureux* noted a final judgment is not immune from the Legislature's power to adjust prison terms, even for those prisoners whose judgments have become final, for a legitimate public purpose. (*Id.* at pp. 261-263.) It is only where the actions of one branch of government defeat or materially impair the inherent functions of another branch that the separation of powers doctrine is violated. (*Id.* at p. 253.) Because section 1170.95 requires a trial court to resentence the petitioner subject to constraints arising from the original judgment of conviction (*Lamoureux*, at p. 262), Senate Bill 1437 did not intrude on a core function of the judiciary; rather the new law represented a legitimate and ordinary exercise of the legislative authority. (*Lamoureux*, at p. 263.)

The prosecutor here also argued in the trial court that Senate Bill 1437 directly conflicted with Marsy's Law (Proposition 9), which enshrined certain victims' rights in the California Constitution, including a victim's right to a speedy trial and a prompt and final conclusion of the case and any related postjudgment proceedings (Cal. Const., art. I, § 28, subd. (b)(9)). *Lamoureux* rejected the argument, noting that Marsy's Law did not foreclose postjudgment proceedings, and, in fact, expressly contemplated the availability of postjudgment proceedings like those created by section 1170.95. (*Lamoureux, supra*, 42 Cal.App.5th at pp. 264-265; Cal. Const., art. I, § 28, subd. (b)(7), (8).) The court further rejected the notion, also advanced by the prosecutor below, that Senate Bill 1437 failed to honor victims' rights to have their safety as well as that of their family and the general public considered before a postjudgment decision is made. (*Lamoureux*, at pp. 265-266.) As the court explained, even if a murder conviction was vacated under

10

section 1170.95 and the petitioner resentenced, the trial court may weigh the same sentencing factors it considered when it initially sentenced the petitioner, including whether he or she presents a danger to society and any other factor reasonably related to the petitioner or the circumstances under which the crime was committed. (*Lamoureux*, at p. 266.) The trial court's ability to consider such factors during resentencing ensures safety considerations are taken into account as required by Marsy's Law. (*Lamoureux*, at p. 266.)

Given the lengthy and thoughtful discussions in each of the above published opinions, we see no need to address these contentions further. It is sufficient to state that we agree with those courts concluding Senate Bill 1437 did not unconstitutionally amend Proposition 7 or Proposition 115, nor did it conflict with Marsy's Law or violate the separation of powers doctrine.

## DISPOSITION

The trial court's order is reversed and the matter is remanded for consideration of defendant's petition under Penal Code section 1170.95 consistent with this opinion.


                                      /s/
                                   RAYE, P. J.



We concur:



      /s/
HULL, J.



      /s/
ROBIE, J.


11