Filed 4/7/21; Certified for Publication 4/30/21 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091715 |
| Plaintiff and Respondent, | (Super. Ct. No. 99F01485) |
| v. | |
| TROY A. STEWARD, | |
| Defendant and Appellant. | |

Defendant Troy A. Steward was charged with battery on a correctional officer, and he was committed to Atascadero State Hospital after being found not guilty by reason of insanity. Following the passage of Assembly Bill No. 103 (2017-2018 Reg. Sess.) (Assem. Bill 103), defendant filed a petition for a reduction of his commitment under newly enacted Penal Code section 1170.127.[1] Section 1170.127 allows persons who are

---

[1] Undesignated statutory references are to the Penal Code.

1

found not guilty by reason of insanity and committed to the state hospital (NGI committees) to obtain relief that parallels Three Strikes relief for those found guilty of a crime. The superior court denied defendant's petition, concluding that Assembly Bill 103 is an unconstitutional amendment of Proposition 36, the Three Strikes Reform Act of 2012. We will reverse the superior court's order denying defendant's petition and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 20, 2000, defendant was committed to Atascadero State Hospital for a term of 25 years to life after being found not guilty by reason of insanity, as charged under section 4501.5, battery on a correctional officer, and the Three Strikes law. On July 12, 2019, defendant filed a petition for reduction of his term of confinement under sections 1170.126 and 1170.127. The superior court issued an order directing the parties to address the question of whether section 1170.127 was unconstitutional. The district attorney's office did not timely file a responsive brief, and the superior court rejected an attempt to submit a late brief for failure to offer an adequate explanation for the untimely filing. Following a hearing, the court issued a written opinion finding section 1170.127 invalid and unconstitutional, reasoning that Assembly Bill 103 amended Proposition 36 (by purportedly extending Proposition 36's relief to NGI committees) without meeting the two-thirds threshold required under the California Constitution. Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant argues the superior court erred in determining that Assembly Bill 103 unconstitutionally amended Proposition 36.[2] The People agree and request that we reverse and remand for further proceedings under section 1170.127.

---

[2] Defendant further argues that the superior court erred in directing the parties to address the question of whether section 1170.127 was unconstitutional because the argument was

"The Legislature may not amend an initiative statute without subsequent voter approval unless the initiative permits such amendment, 'and then only upon whatever conditions the voters attached to the Legislature's amendatory powers.' " (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 568 (*Pearson*).) Nonetheless, " '[t]he Legislature remains free to address a " 'related but distinct area' " [citations] or a matter that an initiative measure "does not specifically authorize or prohibit." ' " (*Id.* at p. 571.) In deciding whether a particular piece of legislation has amended an initiative, our Supreme Court has framed the question as whether the legislation "prohibits what the initiative authorizes, or authorizes what the initiative prohibits." (*Ibid.*)

Because Proposition 36 requires that any legislative amendment receive at least two-thirds support, and there is no dispute that Assembly Bill 103 was enacted with less than two-thirds support, the question on appeal is whether Assembly Bill 103 amends Proposition 36. This is the same question raised in the numerous Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) matters that have been litigated across the state. In *People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896, 908, 917, this court recently joined the other appellate courts who have addressed the issue in concluding that Senate Bill No. 1437 is not an invalid amendment of either Proposition 7 or Proposition 115 because the legislation did not add to or take away from any provision in either initiative. We take the same approach in evaluating Assembly Bill 103.

When a criminal defendant is found not guilty by reason of insanity, that person "is no longer a criminal defendant, but a person subject to civil commitment." (*People v. Lara* (2010) 48 Cal.4th 216, 222, fn. 5.) "The purpose of commitment following an insanity acquittal, like that of civil commitment, is to treat the individual's mental illness and protect him and society from his potential dangerousness. The committed acquittee

not raised by either party. We decline to reach this issue because we conclude the court erred in holding that Assembly Bill 103 is unconstitutional.

is entitled to release when he has recovered his sanity or is no longer dangerous." (*Jones v. United States* (1983) 463 U.S. 354, 368 [77 L.Ed.2d 694].)  During their commitment term, NGI committees may be released or transferred to prison if their sanity is restored. (§ 1026.2, subds. (a), (e), (m).)  At the end of their commitment, NGI committees may be subject to an extension of their commitment if they present a substantial danger to others because of their mental condition.  (§ 1026.5, subd. (b).)  As the superior court acknowledged, criminal defendants are not treated similarly in these respects.

Assembly Bill 103 does not amend Proposition 36 to prohibit what Proposition 36 authorizes or authorize what it prohibits.  (See *Pearson, supra*, 48 Cal.4th at p. 571.) While Proposition 36 addresses the length of prison sentences for criminal defendants, Assembly Bill 103 addresses the length of commitment terms for NGI committees.  (See *People v. Dobson* (2016) 245 Cal.App.4th 310, 318, superseded by Assem. Bill 103 [observing that nothing in the text or history of Proposition 36 suggests that it applies to NGI committees].)  Indeed, Proposition 36 is silent about the treatment of NGI committees.  (*Dobson,* at p. 318.)  The Legislature is permitted to enact legislation in such circumstances.  (*People v. Kelly* (2010) 47 Cal.4th 1008, 1025-1026 ["The Legislature remains free to address a ' "related but distinct area" ' [citations] or a matter that an initiative measure 'does not specifically authorize *or* prohibit' "].)  This case "presents a classic example of legislation that addresses a subject related to, but distinct from, an area addressed by an initiative."  (*People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 282.)  Because Assembly Bill 103 did not amend Proposition 36, the superior court erred in holding that Assembly Bill 103 is unconstitutional.  Accordingly, we reverse.

## DISPOSITION

The superior court's order denying the petition on constitutional grounds is reversed and the matter remanded for further proceedings to address the merits of the matter.


                /s/                  
                HOCH, J.


We concur:


  /s/                      
MAURO, Acting P. J.


  /s/                      
DUARTE, J.

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>TROY A. STEWARD,<br><br>      Defendant and Appellant. | C091715<br><br>(Super. Ct. No. 99F01485)<br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION<br><br>[NO CHANGE IN JUDGMENT] |

APPEAL from a judgment of the Superior Court of Sacramento County, Patrick Marlette, Judge. Reversed.

Three Strikes Project, Michael S. Romano and Susan L. Champion for Defendant and Appellant.

Xavier Becerra, Attorney General, Thomas S. Patterson, Senior Assistant Attorney General, Mark R. Beckington and R. Matthew Wise, Deputy Attorneys General for Plaintiff and Respondent.

THE COURT:

The opinion in the above-entitled matter filed on April 7, 2021, was not certified

for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

FOR THE COURT:


  /s/
MAURO, Acting P. J.


  /s/
DUARTE, J.


  /s/
HOCH, J.