Filed 3/14/24

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| THE PEOPLE, | C096979 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F6857) |
| v. | |
| TIMOTHY MARVIN SANTOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Shasta County, Daniel E. Flynn, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Ivan P. Marrs and Michael A. Canzoneri, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Timothy Marvin Santos was originally sentenced in 2007. His sentence included a term of 25 years to life under the original Three Strikes law, prior prison term enhancements under Penal Code section 667.5, subdivision (b),[1] and prior felony drug conviction enhancements under Health and Safety Code section 11370.2, subdivision (b). The Legislature recently limited the circumstances in which these enhancements apply,[2] and defendant appeals from the trial court's July 21, 2022 resentencing order pursuant section 1172.75. In that resentencing, the trial court struck defendant's prior prison term and drug conviction enhancements, but left intact his sentence of 25 years to life under the original Three Strikes law. On appeal, defendant argues he is entitled to resentencing because: (1) the court did not apply the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)) (Reform Act) to reduce his sentence; and (2) the resentencing was held in his absence in violation of his federal and state constitutional rights.

Although the People initially argued for affirmance of the challenged order, they later sought leave to file a supplemental brief changing their position on both issues based on their new assertion that the trial court was required to resentence defendant under the current penalty provisions set forth in the Reform Act. Because this is incorrect, we reject the People's concessions and affirm the judgment.

## I. BACKGROUND

### A. Factual Background

In 2007, defendant was convicted of possession with intent to manufacture methamphetamine (count 1), conspiracy to manufacture methamphetamine (count 2), and four misdemeanor drug and child endangerment charges (counts 4-7). In a bifurcated

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. McKenzie* (2020) 9 Cal.5th 40, 43; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.

2

proceeding, the court found true that defendant had been convicted of two or more serious or violent felonies under the former Three Strikes law, that he served three separate prison terms under section 667.5, subdivision (b), and that he had three separate prior convictions for controlled substance offenses under Health and Safety Code section 11370.2, subdivision (b).

The trial court sentenced defendant to a total term of 36 years to life in prison: 25 years to life under the former Three Strikes law for count 2, plus two years for prior prison term enhancements under section 667.5, subdivision (b), and nine years for the prior drug conviction enhancements under Health and Safety Code section 11370.2, subdivision (b). The court sentenced defendant to concurrent terms for the misdemeanors. The court also imposed but stayed an additional 25-year-to-life term for count 1 and an additional one-year prior prison term enhancement pursuant to section 654.

In July 2022, the trial court resentenced defendant in his absence to 25 years to life for count 2. The 25-year-to-life term for count 1 remains stayed.

B.      *Statutory Background*

This case involves the interplay between resentencing under section 1172.75 and the retroactivity of the Reform Act. We will summarize the relevant provisions of both.

1.      *Section 1172.75*

Subdivision (a) of section 1172.75 provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."

Section 1172.75 creates a mechanism for resentencing individuals whose convictions are already final. First, the Secretary of the Department of Corrections and Rehabilitation notifies the sentencing court of a person in its custody who is serving a

3

prison term that includes an enhancement described in subdivision (a). (§ 1172.75, subd. (b).) The trial court then reviews the judgment and, if it determines the judgment includes an enhancement described in subdivision (a), "the court shall recall the sentence and resentence the defendant." (*Id*., subd. (c).) The statute sets forth four parameters for resentencing. (*Id*., subd. (d).) First, the resentencing "shall result in a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (*Id*., subd. (d)(1).) Second, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id*., subd. (d)(2).) Third, the court may take into consideration postconviction factors. (*Id*., subd. (d)(3).) Fourth, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id*., subd. (d)(4).) Section 1172.75 also requires the appointment of counsel and provides that the parties may waive a resentencing hearing. (*Id*., subds. (d)(5), (e).)

2. *The Reform Act*

"Under the 'Three Strikes' law as originally enacted in 1994, an individual convicted of any felony offense following two prior convictions for serious or violent felonies was subject to an indeterminate term of life imprisonment with a minimum term of no less than 25 years." (*People v. Conley* (2016) 63 Cal.4th 646, 651 (*Conley*).) The Reform Act lessened the prescribed sentence for a third strike defendant whose current offense is not a serious or violent felony. (*Conley, supra*, at p. 652.) "A defendant does

4

not qualify for this ameliorative change . . . if his current offense is a controlled substance charge involving large quantities ([§ 1170.12], subd. (c)(2)(C)(i)), one of various enumerated sex offenses (*id*., subd. (c)(2)(C)(ii)), or one in which he used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury (*id*., subd. (c)(2)(C)(iii)). The ameliorative provisions of the Reform Act also do not apply in cases in which the defendant was previously convicted of certain enumerated offenses, including those involving sexual violence, child sexual abuse, homicide or attempted homicide, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, or any serious or violent felony punishable by life imprisonment or death. (§ 1170.12, subd. (c)(2)(C)(iv)(I)-(VIII).) The Act provides that these disqualifying factors must be pleaded and proved by the prosecution. (§ 1170.12, subd. (c)(2)(C).)

"In the Reform Act, the voters also established a procedure for 'persons presently serving an indeterminate term of imprisonment' under the prior version of the Three Strikes law to seek resentencing under the Reform Act's revised penalty structure. ([]§ 1170.126, subd. (a).) Under section 1170.126, 'within two years after the effective date of the act . . . or at a later date upon a showing of good cause,' such persons [could] file a petition for a recall of sentence before the trial court that entered the judgment of conviction. (*Id*., subd. (b).) If the petitioner would have qualified for a shorter sentence under the Reform Act version of the law, taking into consideration the disqualifying factors (§ 1170.126, subds. (e), (f)), section 1170.126 provides that he 'shall be resentenced pursuant to [the Reform Act] unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety' (*id*., subd. (f)). In exercising this discretion, the court may consider the defendant's criminal conviction history, the defendant's disciplinary record and record of rehabilitation while incarcerated, and '[a]ny other evidence the court . . . determines to be relevant.' (*Id*., subd. (g).)' " (*Conley, supra*, 63 Cal.4th at p. 653.)

## II. DISCUSSION

*A.     Retroactivity of the Reform Act*

Defendant argues the trial court erred in sentencing him to 25 years to life because he was entitled to a "full resentencing" under section 1172.75, subdivision (d), during which the trial court was required to apply the current penalty provisions set forth in the Reform Act. The People initially disagreed. However, the People obtained supplemental briefing to change their position. In this supplemental briefing, the People note that they disagree with *People v. Superior Court (Guevara)* (2023) 97 Cal.App.5th 978, 984-987, review granted March 12, 2024, S283305 (*Guevara*), in which the majority explained the interpretation of section 1172.75, subdivision (d) advanced by the parties would unconstitutionally amend section 1170.126. As this court recently explained, entitlement to a full resentencing does not change the retroactivity of the Reform Act provisions as to defendant. (*People v. Kimble* (2024) 99 Cal.App.5th 746, 750-751 (*Kimble*).) Furthermore, section 1172.75, subdivision (d) did not amend the retroactivity of the Reform Act. (*Kimble, supra*, at p. 757.) We also follow *Guevara* and *Kimble* in concluding that, if it had, this would unconstitutionally amend the initiative. (*Id.* at p. 758, fn. 6; *Guevara, supra*, at pp. 984-987.)

In *Conley*, our Supreme Court addressed the retroactivity of the Reform Act. Specifically, our Supreme Court decided "whether third strike defendants who were sentenced under the Three Strikes law before November 7, 2012, but whose judgments were not yet final as of that date, are entitled to automatic resentencing under the revised penalty provisions of the Reform Act." (*Conley, supra*, 63 Cal.4th at p. 652.) The court concluded they were not and "instead may seek resentencing by petitioning for recall of sentence under section 1170.126." (*Ibid.*) Defendant argues *Conley* has no application to

6

his case because the *Estrada*[3] rule, which was discussed in *Conley*, has no application here. As we explained in *Kimble*, this assertion is incorrect. (*Kimble, supra*, 99 Cal.App.5th at p. 757.)

The so-called *Estrada* rule derives from our Supreme Court's decision in *Estrada, supra*, 63 Cal.2d 740, which addressed whether when "[a] criminal statute is amended after the prohibited act is committed but before final judgment by mitigating the punishment," the statute in effect when the act was committed or the amended statute should apply. (*Id*. at p. 742.) There, the amendatory act had been passed after the criminal act was committed but became effective before trial. (*Id*. at p. 744.) The *Estrada* court explained that generally, "when there is nothing to indicate a contrary intent in a statute it will be presumed that the Legislature intended the statute to operate prospectively and not retroactively." (*Id*. at p. 746.) Thus, it was previously understood that "the punishment in effect when the act was committed should prevail." (*Id*. at p. 742.) However, the *Estrada* court held that "where the amendatory statute mitigates punishment and there is no savings clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed." (*Id*. at p. 748.) "The *Estrada* rule rests on an inference that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not." (*Conley, supra,* 63 Cal.4th at p. 657.) The *Estrada* rule "applies to ameliorative laws enacted by ballot proposition as well." (*People v. Padilla* (2022) 13 Cal.5th 152, 160.) Further, the rule applies to cases that are nonfinal because the sentence has been vacated and defendant is undergoing resentencing. (*Id.* at p. 162.) Thus, "[w]hether we apply subsequent changes to punishments at a resentencing still

---

[3] *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).

requires that we examine the retroactive application of the amended law and inquire into the application of the *Estrada* rule." (*Kimble, supra*, 99 Cal.App.5th at p. 757; see also *People v. Ramirez* (2021) 71 Cal.App.5th 970, 994-999 [analyzing retroactive application of statutes at resentencing under *Estrada*].) Thus, *Conley* is instructive.

In *Conley*, our Supreme Court held that, as to the revised penalty provisions in the Reform Act, the *Estrada* rule was overridden by section 1170.126. (*Conley, supra*, 63 Cal.4th at pp. 656-659.) Thus, we are bound by *Conley* to conclude that, as to defendant, even during a full resentencing, the Reform Act cannot be applied retroactively to entitle him to automatic resentencing outside of section 1170.126. (*Kimble, supra*, 99 Cal.App.5th at p. 758.)

Defendant asserts the trial court was required to apply the current version of the Three Strikes law to lessen his sentence under section 1172.75, subdivision (d)(2). This provision provides: "The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) The provision does not indicate the Legislature intended to change the way the Reform Act already operates retroactively. (*Kimble, supra*, 99 Cal.App.5th at p. 757.) The Reform Act already applies a change in the law and eliminates disparity of sentences and promotes uniformity of sentencing by creating a mechanism by which all individuals previously sentenced under the Three Strikes law are afforded a mechanism for resentencing that addresses the potential need to subject them to mini-trials on the Reform Act's disqualifying factors years after their crimes were committed. In *Conley*, our Supreme court found it "difficult to escape the conclusion that the [Reform] Act does not address the complexities involved in applying the pleading-and-proof requirements to previously sentenced defendants precisely because the electorate did not contemplate that these provisions would apply." (*Conley, supra*, 63 Cal.4th at pp. 660-661.) The same is true as to section 1172.75. The statute addresses

8

the new pleading and proof requirements with respect to upper term sentences (see § 1170, subdivision (b)) but says nothing about third strike offenses. (§ 1172.75, subd. (d)(4).) Likewise, there is no indication in the legislative history that the Legislature thought it was enabling resentencing of third strike sentences.

If the Legislature had intended to amend the Reform Act, its ability to do so would have been constrained. "The Legislature may not amend an initiative statute without subsequent voter approval unless the initiative permits such amendment, 'and then only upon whatever conditions the voters attached to the Legislature's amendatory powers.' " (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 568 (*Pearson*).) Section 11 of the Reform Act states, in relevant part, that the Legislature may only amend it via statute if the statute passes with a two-thirds vote. The parties do not challenge the court's conclusion in *Guevara* that these requirements were not met. (*Guevara, supra*, 97 Cal.App.5th at p. 985, review granted.) Rather, the People contend section 1172.75 does not amend the Reform Act because the provisions "do not necessarily conflict." This argument is unpersuasive.

Our Supreme Court has described an amendment "as 'a legislative act designed to change an existing initiative statute by adding or taking from it some particular provision.' [Citation.] But this does not mean that any legislation that concerns the same subject matter as an initiative, or even augments an initiative's provisions, is necessarily an amendment for these purposes. 'The Legislature remains free to address a " 'related but distinct area' " [citations] or a matter that an initiative measure "does not specifically authorize *or* prohibit." ' " (*Pearson, supra*, 48 Cal.4th at p. 571.) In deciding whether a particular piece of legislation has amended an initiative, our Supreme Court has framed the question as simply whether the legislation "prohibits what the initiative authorizes, or authorizes what the initiative prohibits." (*Ibid.*)

We agree with *Guevara, supra*, 97 Cal.App.5th at pages 985 to 986, review granted, that the parties' interpretation of section 1172.75, subdivision (d) would

9

unconstitutionally amend the Reform Act by eliminating the public safety inquiry required to avoid imposing a mandated third strike sentence of 25 years to life on defendant. The People's assertion that "[t]echnically, a prisoner whose third strike sentence has been recalled for other reasons is not in the same position as a prisoner who is 'presently serving' his third strike sentence" is incorrect because it fails to account for the limited retroactivity of the Reform Act. Under the Reform Act, a prisoner in either position is entitled to resentencing only upon a successful petition under section 1170.126. Interpreting section 1172.75, subdivision (d) to authorize retroactive application of the revised penalty provisions set forth in the Reform Act without meeting the criteria of section 1170.126 would therefore be an unconstitutional amendment of the initiative statute. Additionally, it is a "leap in logic" to suggest the voters who passed the Reform Act would not consider defendant to be "presently serving" a third strike sentence. (*Guevara, supra*, at p. 986.)

Therefore, the trial court did not err in keeping intact defendant's 25-year-to-life sentence.

B.     *Defendant's Absence at Resentencing*

1.     *Procedural Background*

Resentencing was initially scheduled for April 26, 2022. When the matter was called, defendant remained in custody and was not present. The court stated, "I think the Defendant would have a right to attend; although I gave you the Court's tentative in the Minute Order to strike those enhancements that I think apply. [¶] . . . [¶] So he knows essentially what the Court is headed to do." Defense counsel stated, "In my dealings with Mr. Santos, he usually does like to be present."

On May 5, 2022, defendant was again absent and defense counsel represented that "he wants to attend." On June 16, 2022, defendant was not present and defense counsel said, "he would like to be present and I have not brought him yet" and asked for a

10

continuance. Defense counsel also stated, "I could waive his appearance. He does communicate he wants to come" before the continuance was granted.

On July 21, 2022, defendant was not present. He was represented by different defense counsel who said counsel who appeared at the earlier hearings "has been in communication with him. I understand that he is willing to waive his appearance." The court resentenced defendant.

### 2. *Harmless Error*

Defendant argues this case should be remanded for another sentencing hearing because holding the hearing in his absence without a waiver by him of his right to attend violated his constitutional rights.

The parties agree that defendant had a constitutional right to be present at his resentencing hearing. (*People v. Cutting* (2019) 42 Cal.App.5th 344, 347-348.) "A defendant may waive [their] constitutional right to be present . . . 'as long as [their] waiver is voluntary, knowing and intelligent.' " (*People v. Nieves* (2021) 11 Cal.5th 404, 508.) In addition, defense counsel may waive the defendant's presence, "but only if there is evidence that the defendant consented to the waiver. [Citations.] At a minimum, there must be some evidence that the defendant understood the right he was waiving and the consequences of doing so." (*People v. Davis* (2005) 36 Cal.4th 510, 532.)

We conclude any error in accepting counsel's waiver was harmless. "Under the federal Constitution, error pertaining to a defendant's presence is evaluated under the harmless-beyond-a-reasonable-doubt standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 23." (*People v. Davis, supra*, 36 Cal.4th at p. 532.) "Under that standard, the error 'may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding.' " (*People v. Cutting, supra*, 42 Cal.App.5th at p. 348.)

Defendant argues we "cannot know what [he] would have offered in mitigation of his sentence because he was not present for the resentencing hearing." As the People

11

noted in their initial respondent's brief before changing their position in supplemental briefing, defendant could have offered no further assistance because, as to the only part of the sentence that stands, defendant was not eligible for "reduction of his term under the three strikes law based on section 1172.75." Defendant's opening brief additionally states, without any further development, "defense counsel at a minimum should have made a motion to dismiss one or more of the strike convictions under section 1385." But since no such motion was made, there was nothing for defendant to contribute. In other words, his absence could not have affected the outcome of the proceeding. We therefore conclude any error in accepting counsel's waiver of defendant's presence at resentencing was harmless beyond a reasonable doubt.

### III. DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

KRAUSE, J.