Filed 1/30/25  P. v. Sanders CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD L. SANDERS,<br><br>    Defendant and Appellant. | B336316<br><br>(Los Angeles County<br>Super. Ct. No. NA067047) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Judith Meyer, Judge.  Affirmed.

Jeffrey Manning-Cartwright, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Taylor Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal concerns the interplay between Proposition 36, the Three Strikes Reform Act of 2012 (the Reform Act), and Penal Code[1] section 1172.75, which invalidated prior prison enhancements.  In 2006, Richard Sanders was sentenced under the Three Strikes law, and his sentence included prior prison enhancements.  In 2022, the trial court resentenced Sanders under section 1172.75 by striking the enhancements, but it left intact the three strikes sentences.  On appeal, Sanders contends that his three strikes sentences are unauthorized under the Reform Act and therefore the trial court erred by failing to resentence him.  We follow other courts of appeal that have considered whether section 1172.75 authorizes a trial court to reconsider a three strikes sentence under the Reform Act and held it does not.  Therefore, we affirm the judgment.

## BACKGROUND

I.      The underlying convictions

In 2004 and 2005, three homes in Long Beach were burglarized.  (*People v. Sanders* (Nov. 21, 2007, B189679) [nonpub. opn.].)[2]  Sanders lived across the street from one of the burglarized homes, and his thumbprint was found at the burglarized home.  In Sanders's home, law enforcement found

---

[1]      All further undesignated statutory references are to the Penal Code.

[2]      The factual background is from the opinion affirming Sanders's judgment of conviction on direct appeal.  We take judicial notice of that opinion on our own motion.  (Evid. Code, § 452, subd. (a).)

property stolen from the homes, including two watches and a coin collection.

A jury found Sanders guilty of first degree burglary (§ 459; count 1) and two counts of felony receiving stolen property (§ 496, subd. (a); counts 2 & 3). Sanders then admitted he had two prior convictions within the meaning of the Three Strikes law and a prior prison term within the meaning of section 667.5, subdivision (b). In 2006, the trial court sentenced Sanders, on count 1, to 25 years to life and, on counts 2 and 3, to concurrent terms of 25 years to life. The trial court also imposed two 5-year terms under section 667, subdivision (a)(1), and a one-year term under section 667.5, subdivision (b).

II.    Postjudgment proceedings under section 1172.75

In December 2022, the trial court determined that Sanders might be entitled to resentencing under section 1172.75, appointed counsel for Sanders, and set a hearing. Sanders submitted briefing in which he asked the trial court to strike his one-year prior, to "strike and recall the terms imposed" under the Three Strikes law, and to resentence him to a determinate six-year term. At the December 26, 2023 hearing, the People agreed that the trial court should strike the one- and five-year enhancements but otherwise argued that the sentence should remain the same as that originally imposed. The People also argued that it would be inappropriate to strike a strike based on Sanders's criminal history. Sanders's counsel made no argument in response and instead submitted.

The trial court found that Sanders was not outside the spirit of the Three Strikes law, "back then or now. [¶] So the court is going to continue to give him 25 to life on count 1, count 2 and count 3. However, I am going to strike all of his priors."

3

Thus, the trial court recalled Sanders's sentence, struck the one- and five-year enhancements, and sentenced him to 25 years to life on count 1 and to 25 years to life concurrent sentences on counts 2 and 3.

## DISCUSSION

Sanders contends that the trial court should have resentenced him on counts 2 and 3 for receipt of stolen property because the Reform Act has rendered the sentences imposed on them unauthorized.[3] This contention concerns whether a trial court considering a section 1172.75 petition for resentencing may reduce a pre-Reform Act three strikes sentence. As we now explain, we join other courts of appeal in holding that section 1172.75 is not a proper procedural vehicle for reducing a three strikes sentence.[4]

I.    The Reform Act

When Sanders was sentenced in 2006, the Three Strikes law provided that defendants with two or more prior convictions of violent or serious felonies could receive a three strikes sentence even if the current offense was neither serious nor violent. (Former §§ 667, 1170.12; see generally *People v. Johnson* (2015) 61 Cal.4th 674, 680.) Thereafter, California voters passed the

---

[3]    Sanders does not contend that the three strikes sentence on count 1 for burglary was unauthorized.

[4]    Our California Supreme Court is considering whether the Reform Act's revised penalty provisions apply when a defendant is resentenced under section 1172.75 in *People v. Superior Court* (*Guevara*) (2023) 97 Cal.App.5th 978, review granted March 12, 2024, S283305 (*Guevara*).

4

Reform Act, an initiative measure. The Reform Act "amended the Three Strikes law with respect to defendants whose current conviction is for a felony that is neither serious nor violent. In that circumstance, unless an exception applies, the defendant is to receive a second strike sentence of twice the term otherwise provided for the current felony, pursuant to the provisions that apply when a defendant has one prior conviction for a serious or violent felony." (*Johnson*, at p. 681.)

The Reform Act also added section 1170.126. That section established a procedure under which a person currently serving a life term under the Three Strikes law for a nonviolent, nonserious conviction may petition for resentencing. (§ 1170.126, subd. (b).) The petition must be filed within two years of November 7, 2012, section 1170.126's effective date, or on a later date on a showing of good cause. (§ 1170.126, subd. (b).) If the petitioner satisfies the criteria for resentencing, the petitioner shall be resentenced as a second striker "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) In exercising its discretion, a trial court may consider the petitioner's criminal conviction history, disciplinary record and record of rehabilitation while incarcerated, and any other evidence the trial court deems relevant to the issue. (§ 1170.126, subd. (g).)

II.     Section 1172.75

In 2021, our California Legislature passed Senate Bill No. 483, which added section 1172.75. (Stats. 2021, ch. 728, § 3.) Section 1172.75 declared legally invalid one-year sentencing enhancements for a prior prison term, except when the prior prison term was for a sexually violent offense. If a judgment includes a qualifying enhancement, the trial court shall recall the

5

sentence and resentence the defendant.  (§ 1172.75, subd. (c).)
Further, the resentencing court shall "apply any other changes in
law that reduce sentences or provide for judicial discretion so as
to eliminate disparity of sentences and to promote uniformity of
sentencing."  (§ 1172.75, subd. (d)(2).)

III.    A section 1172.75 petition is not a vehicle for resentencing
        under the Reform Act

　　　Receiving stolen property is not a serious or violent felony.
(§§ 667.5, subd. (c) [listing violent felonies], 1192.7, subd. (c)
[listing serious felonies].)  Sanders thus argues that subdivision
(d)(2) of section 1172.75 required the trial court to resentence him
on counts 2 and 3 for receiving stolen property under the current
version of the Three Strikes law per the Reform Act.  However,
courts of appeal have rejected interpreting section 1172.75 to
require automatic application of the Reform Act.  (*Guevara*,
*supra*, 97 Cal.App.5th 978, rev. gr.; accord, *People v. Superior
Court* (*Williams*) (2024) 102 Cal.App.5th 1242, review granted
Aug. 28, 2024, S286128 (*Williams*); *People v. Santos* (2024) 100
Cal.App.5th 666, review granted May 29, 2024, S284341; *People
v. Kimble* (2024) 99 Cal.App.5th 746, review granted Apr. 24,
2024, S284259 (*Kimble*); but see *Guevara*, at pp. 988–995 [dis.
opn. of Baltodano, J.]; *Williams*, at pp. 1268–1274 [conc. & dis.
opn. of Greenwood, P.J.].)[5]

---

[5]     The Attorney General does not address *Guevara* and cases
following it and agrees that the sentences on counts 2 and 3 are
unauthorized, thereby appearing to further agree with Sanders
that *Guevara* was wrongly decided.  Instead of addressing
*Guevara*, the Attorney General focuses on Sanders's contention
that he is also entitled to have his convictions on counts 2 and 3

6

Courts of appeal have rejected Sanders's interpretation of section 1172.75 because it would unconstitutionally amend section 1170.126. Under our California Constitution, "the Legislature may not amend a statute enacted by initiative unless the initiative allows such an amendment, and then only upon such conditions the voters attach." (*Guevara, supra*, 97 Cal.App.5th at pp. 984–985, rev.gr.) The statute at issue here, the Reform Act "allows the Legislature to amend it by statute only if the statute passes each house of the Legislature by a vote of two-thirds of the membership. (Prop. 36, § 11, subd. (b).)" (*Id.* at p. 985.) However, the legislation that enacted section 1172.75 did not pass the Senate with a two-thirds vote. (*Guevara*, at p. 985.)

Sanders's interpretation of section 1172.75 would unconstitutionally amend section 1170.126 in additional ways. First, it would eliminate the time limit on when a resentencing petition under the Reform Act could be filed, within two years of the Reform Act's effective date (November 2014) or later only on a showing of good cause. (*Williams, supra*, 102 Cal.App.5th at p. 1267, rev.gr.)

Second, Sanders's interpretation of section 1172.75 would improperly expand the scope of the Reform Act's retroactivity. (*Kimble, supra*, 99 Cal.App.5th at pp. 753–755, rev.gr.) Defendants sentenced under the Three Strikes law before the Reform Act's effective date in 2012, but whose judgments were

reduced to misdemeanors under Proposition 47. As to that issue, the Attorney General argues that Sanders had to petition for resentencing under section 1170.18. Because he did not do so, the issue is not ripe for review, and therefore the judgment should be affirmed.

7

not final as of that date, are not entitled to automatic resentencing under the Reform Act's revised penalty provisions but must instead petition for recall of sentence and resentencing under section 1170.126. (*People v. Conley* (2016) 63 Cal.4th 646, 657–659.) Sanders was sentenced in 2006, and he therefore had to file a petition for resentencing under section 1170.126 to obtain resentencing on counts 2 and 3.[6]

Finally, Sanders's interpretation would unconstitutionally amend the scope of a trial court's discretion to determine whether the petitioner poses an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f); *Kimble, supra*, 99 Cal.App.5th at p. 754, rev.gr. [applying Reform Act's sentencing rules at § 1172.75 hearing would "circumvent" Reform Act's process and "effectively *mandate*" resentencing].) Section 1170.126, subdivision (f), permits a resentencing court to deny resentencing if it finds by a preponderance of the evidence that doing so would pose a danger to the public. But section 1172.75, subdivision (d)(1), permits a resentencing court to deny resentencing if it finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Thus, the statutes have different burdens of proof. Section 1172.75's clear and convincing standard imposes a higher evidentiary standard to find the petitioner poses a danger to public safety than the preponderance of evidence standard in section 1170.126. (*Williams, supra*, 102 Cal.App.5th at p. 1260, rev.gr.; *Guevara, supra*, 97 Cal.App.5th at p. 987, rev.gr.)

---

[6] According to the People, Sanders filed a section 1170.126 petition for resentencing in 2013. The petition is not part of this record on appeal.

Further, the two statutes emphasize different factors for a trial court to consider when exercising its discretion in determining whether a defendant poses a danger to public safety. While both statutes permit the trial court to consider the defendant's disciplinary record and record of rehabilitation while incarcerated (§§ 1170.126, subd. (g)(2); 1172.75, subd. (d)(3)), section 1172.75, subdivision (d)(3), focuses on postconviction evidence that has "reduced the defendant's risk for future violence" and "evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." In contrast, section 1170.126, subdivision (g)(1), permits courts to consider the petitioner's criminal conviction history in assessing public safety risks. The reason for this is that section 1170.126's recall procedure struck a balance between the "objectives of mitigating punishment and protecting public safety by creating a resentencing mechanism for persons serving indeterminate life terms under the former Three Strikes law, but making resentencing subject to the trial court's evaluation of whether, based on [defendants'] criminal history, [ ] record of incarceration, and other relevant considerations, their early release would pose an 'unreasonable risk of danger to public safety.' " (*People v. Conley*, *supra*, 63 Cal.4th at p. 658.) But giving a defendant resentenced under section 1172.75 the benefit of direct application of the revised penalty provisions of the Reform Act would unconstitutionally eliminate the public safety half of the balance. (*Kimble*, *supra*, 99 Cal.App.5th at pp. 754–755, rev.gr.; *Williams*, *supra*, 102 Cal.App.5th at pp. 1261–1262, rev.gr.)

9

Finally, Sanders's interpretation of section 1172.75 also does not promote "uniformity of sentencing" (§ 1172.75, subd. (d)(2)). His interpretation instead carves "out a favorable exception for a specific subset of defendants—those sentenced under the former Three Strikes law who may be eligible for resentencing as second strike offenders and who received a prior prison term enhancement within the ambit of Senate Bill 483. This exception would grant those defendants mandatory relief under the [Reform Act], requiring the court to resentence them as second strike offenders, while leaving otherwise similarly situated inmates with only the [the Reform Act's] (time-limited) petition process as a path to resentencing, with its assessment of disqualifying factors and discretionary weighing of safety and recidivism considerations. Such a result would be at odds with Senate Bill 483's plainly stated objective of promoting uniformity, and eliminating disparities, in sentencing." (*Kimble*, *supra*, 99 Cal.App.5th at p. 755, rev.gr.)

In urging us not to follow other courts of appeal that have rejected his interpretation of section 1172.75, Sanders relies on *People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564 (*Pearson*). *Pearson* considered whether section 1054.9 unconstitutionally amended Proposition 115, an initiative measure. Proposition 115 added a new chapter to the Penal Code providing for reciprocal pretrial discovery in criminal cases and limiting discovery in criminal cases except as provided in the chapter. (*Pearson*, at p. 567.) Thereafter, the Legislature enacted section 1054.9 to allow a defendant sentenced to death or life without parole to obtain postconviction discovery, i.e., discovery in a habeas corpus proceeding. Section 1054.9 was enacted without a two-thirds majority. To determine whether

10

section 1054.9 unconstitutionally amended Proposition 115, the court asked whether the former "prohibits what the initiative authorizes, or authorizes what the initiative prohibits." (*Pearson*, at p. 571.) The parties agreed that section 1054.9 did not prohibit anything Proposition 115 authorized. The court then held that section 1054.9 did not authorize anything the initiative prohibited. Section 1054.9 authorized discovery in habeas corpus matters, whereas Proposition 115 pertained to discovery in criminal cases. However, habeas corpus matters are "considered a separate matter from the criminal case itself." (*Pearson*, at p. 572.) The court thus concluded that section 1054.9 "addresses an area that is *related* to Proposition 115's discovery provisions but, crucially, it is also a *distinct* area." (*Pearson*, at p. 573.)

*Pearson* is distinguishable. As we have detailed, Sanders's interpretation of section 1172.75 does not merely address an area related to the Reform Act and section 1170.126 but instead addresses and usurps the *same* area. Were section 1172.75 applied in the manner Sanders urges, it would eliminate section 1170.126's requirement a resentencing petition be filed within two years of the Reform Act's effective date or later for good cause, expand the scope of section 1170.126's retroactivity, and change the evidentiary requirement under which a trial court may exercise its discretion to find the defendant poses an unreasonable risk of danger to public safety. (*Williams*, *supra*, 102 Cal.App.5th at p. 1267, rev. gr.) We therefore conclude that

11

Sanders remains subject to three strikes sentences on counts 2 and 3.[7]

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

HANASONO, J.*

---

[7]     Because we so hold, we need not address Sanders's additional contention that counts 2 and 3 must be reclassified as misdemeanors under Proposition 47.

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.